OPINION

Per Curiam:

In resolving this petition for a writ of prohibition or mandamus, we consider whether NRS 201.230(1), which defines the offense of *38 lewdness with a minor under the age of 14, can be used to adjudicate as delinquent a minor under the age of 14. We conclude that because NRS 201.230’s plain, broad language applies to “persons” of all ages, the statute can be used to adjudicate as delinquent minors under the age of 14, even though they are part of the class of persons protected by the statute.[1] Accordingly, we are not persuaded that our intervention by way of extraordinary relief is warranted.

FACTS AND PROCEDURAL HISTORY

In July 2006, Richard Larmouth went upstairs in his sister’s home to check on his 4-year-old niece, M.R., and his nephew, petitioner Cote H. Larmouth, on walking into M.R.’s bedroom, saw Cote fondling his cousin, M.R. Larmouth took M.R. downstairs to her mother. M.R.’s mother confronted Cote, who confessed to the act and also admitted to fondling the girl once at his home in Utah. M.R.’s mother then contacted the Las Vegas Metropolitan Police Department.
Subsequently, Detective Hernandez of the Las Vegas Metropolitan Police Department arrived at Larmouth’s sister’s home and spoke with Larmouth and M.R.’s mother. M.R. then recounted the fondling to Detective Hernandez. Detective Hernandez then met with Cote and Cote’s father. Cote’s father informed Detective Hernandez that Cote said that he did not know why he fondled M.R. but that he knew his actions were wrong. Detective Hernandez then placed Cote under arrest, transported him to the Clark County Juvenile Detention Center, and read him his Miranda[2] rights. Cote stated that he understood his rights and did not want a parent present. He then described in detail, and confessed to, the fondling incidents at both his residence in Utah and M.R.’s home.
Thereafter, the State filed a delinquency petition alleging that Cote committed the offense of lewdness with a minor under 14 years of age in violation of NRS 201.230(1). Cote asserted, by oral motion, that the delinquency petition should be dismissed because he was a member of the class of persons protected by NRS *39 201.230(1). The district court ultimately issued an order denying the motion. Subsequently, Cote sought from this court a petition for a writ of prohibition precluding the district court from proceeding on the State’s delinquency petition, or a writ of mandamus directing the district court to dismiss the underlying delinquency petition. At the same time, Cote moved this court for a stay of the district court proceedings. We issued an order granting a stay and directing an answer to the petition.

DISCUSSION

Standards for writ relief

A writ of prohibition is appropriate when a district court acts without or in excess of its jurisdiction.[3] A writ of mandamus is available “to compel the performance of an act which the law . . . [requires] as a duty resulting from an office, trust or station,”[4] or to control a manifest abuse or an arbitrary or capricious exercise of discretion.[5] Because both writs of prohibition and writs of mandamus are extraordinary remedies, we have complete discretion to determine whether to consider them.[6] Generally, neither a writ of prohibition nor a writ of mandamus is appropriate if the petitioner has a “plain, speedy and adequate remedy in the ordinary course of law.’ ’[7] While an appeal generally constitutes an adequate and speedy remedy precluding writ relief,[8] we have, nonetheless, exercised our discretion to intervene “under circumstances of urgency or strong necessity, or when an important issue of law needs clarification and sound judicial economy and administration favor the granting of the petition.”[9]
In this case, although Cote appears to have a plain, speedy, and adequate remedy in the form of an appeal from any judgment adjudicating him a delinquent, we consider this petition because the applicability of NRS 201.230(1) to minors under the age of 14 constitutes an important question of law that needs clarification. In addition, because this petition involves a question of first impres *40 sion that arises with some frequency, the interests of sound judicial economy and administration favor consideration of the petition.

Statutory interpretation of NRS 201.230(1)

Even when raised in a writ petition, this court reviews questions of statutory interpretation de novo.[10] We have stated that “[w]hen examining a statute, this court should ascribe plain meaning to its words, unless the plain meaning was clearly not intended.”[11] However, “ ‘[s]tatutes with a protective purpose should be liberally construed in order to effectuate the benefits intended to be obtained.’ ”[12]
At issue in this case is the meaning of the term “person” as used in NRS 201.230(1). NRS 201.230(1) provides as follows:
A person who willfully and lewdly commits any lewd or lascivious act, other than acts constituting the crime of sexual assault, upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of that child, is guilty of lewdness with a child.
(Emphasis added.) In determining the applicability of the statute, we begin by looking to the plain meaning of the term “person.” Courts have generally found, in the context of statutes criminalizing sexual activity with minors under a certain age, that when a statute contains broad, inclusive terms, such as “any person” or “whoever,” it is applicable to all perpetrators, even minors.[13] We conclude that, by its ordinary meaning, the term “person” is broad and all-encompassing. As a result, it is applicable to adults and minors, even if they are members of the class protected by the statute by virtue of their age. We further conclude that if the Legislature intended NRS 201.230(1) to only apply to perpetrators over the age of 14, the Legislature would have expressed that limitation as it has done in other statutes.[14] We are unwilling to create *41 an exception to the statute when, based on its plain and ordinary meaning, none exists.[15]
Far from yielding an absurd result, liberally construing NRS 201.230(1) to permit minors under the age of 14 to be adjudicated delinquent is consistent with that statute’s purpose to protect minors from others’ lewd acts.[16] For example, in its ruling on In re John C., the Connecticut Appellate Court, discussing a statute substantially similar to the one at issue here, held that a 13-year-old defendant was properly adjudicated as a juvenile delinquent for having committed the offense of risk of injury to a child in violation of a state statute prohibiting “any person” from engaging in acts likely to impair the morals of any child under the age of 16.[17] The Connecticut Appellate Court stated that
we will not interpret the law to give minors license to sexually molest other minors. It is contrary to the law’s intent, and to common sense, to establish a policy that withdraws the law’s protection from the victim in order to protect the violator, even one who is a minor.[18]
The Connecticut Appellate Court’s reasoning persuades us that NRS 201.230(1), like the Connecticut statute referenced in In re John C., protects minors under the age of 14 from all persons, even from other minors under the age of 14, and it would be contrary to the protective purpose of the statute to hold otherwise. We also conclude that, because giving the word “person” its ordinary .meaning does not yield an absurd result, we look no further than the language of NRS 201.230(1). Cote urges us to consider other statutes in determining the meaning of the word “person” under Nevada’s criminal statutes. He asserts that, when read in conjunction with NRS 193.200, NRS 193.210, and NRS 194.010, it is clear that the Legislature did not intend for NRS 201.230(1) to apply to minors under the age of 14 because they cannot form the requisite intent to commit the offense of lewdness with a minor under 14 years of age. We disagree.
*42 NRS 194.010 defines the term “person” for the purpose of identifying those capable of committing crimes. It provides, in pertinent part:
All persons are liable to punishment except those belonging to the following classes:
1. Children under the age of 8 years.
2. Children between the ages of 8 years and 14 years, in the absence of clear proof that at the time of committing the acts charged against them they knew its wrongfulness.
NRS 193.200 states that “[i]ntention is manifested by the circumstances connected with the perpetration of this offense, and the sound mind and discretion of the person accused.” NRS 193.210 defines a person of sound mind as one ‘ ‘who is not affected with insanity and who has arrived at the age of 14 years, or before that age if he knew the distinction between good and evil.’ ’ We conclude that a minor under the age of 14 who knows right from wrong constitutes a ‘ ‘person’ ’ under Nevada law. Far from stating that a minor under the age of 14 cannot be of sound mind, these statutes merely require that there be clear proof that the child knew, at the time of committing the act charged, the wrongfulness of the act.

CONCLUSION

We conclude, based on the plain meaning of the statute, that minors under the age of 14 can be adjudicated delinquent under NRS 201.230(1), even though they are members of the class protected by the statute. Consequently, Cote can be adjudicated delinquent for fondling a 4-year-old child provided that there is clear proof that he knew the wrongfulness of the act when he committed it. Accordingly, the district court did not manifestly abuse its discretion by denying Cote’s motion to dismiss, and we deny Cote’s request for writ relief.[19]

 The State raises a ripeness issue in its brief. A case is ripe for review when “the degree to which the harm alleged by the party seeking review is sufficiently concrete, rather than remote or hypothetical, [and] yieldfs] a justiciable controversy.” Herbst Gaming, Inc. v. Sec’y of State, 122 Nev. 877, 887-88, 141 P.3d 1224, 1230-31 (2006). Because we determine that the State likely had sufficient evidence to adjudicate the petitioner delinquent, we conclude that the harm to petitioner was sufficiently concrete to yield a justiciable controversy and this petition is ripe for review. Cf. Secretary of State v. Nevada State Legislature, 120 Nev. 456, 93 P.3d 746 (2004) (noting that a party seeking a writ of mandamus must demonstrate that it will gain a direct benefit from its issuance).

 Miranda v. Arizona, 384 U.S. 436 (1966).

 NRS 34.320; see also State of Nevada v. Dist. Ct. (Anzalone), 118 Nev. 140, 146-47, 42 P.3d 233, 237 (2002).

 NRS 34.160.

 Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981).

 See Smith v. District Court, 107 Nev. 674, 818 P.2d 849 (1991).

 NRS 34.170; NRS 34.330.

 Pan v. Dist. Ct., 120 Nev. 222, 88 P.3d 840 (2004).

 State of Nevada v. Dist. Ct. (Ducharm), 118 Nev. 609, 614, 55 P.3d 420, 423 (2002).

 Marquis & Aurbach v. Dist. Ct., 122 Nev. 1147, 1156, 146 P.3d 1130, 1136 (2006).

 In re Contrevo, 123 Nev. 20, 22-23, 153 P.3d 652, 653 (2007).

 Edgington v. Edgington, 119 Nev. 577, 581-82, 80 P.3d 1282, 1287 (2003) (alteration in original) (quoting Colello v. Administrator, Real Est. Div., 100 Nev. 344, 347, 683 P.2d 15, 17 (1984)).

 See, e.g., In re John L., 257 Cal. Rptr. 682 (Ct. App. 1989); State v. Edward C., 531 A.2d 672 (Me. 1987).

 See, e.g., NRS 200.364 (limiting criminal liability for statutory sexual seduction to a person 18 years of age or older).

 SIIS v. Wrenn, 104 Nev. 536, 539, 762 P.2d 884, 886 (1988).

 Courts that have found that minors cannot be adjudicated delinquent under similar statutes criminalizing sexual activity with minors have held that applying the statutes to minors yields an absurd result. See, e.g., In re: B.A.M., 806 A.2d 893 (Pa. Super. 2002). However, we are not persuaded that interpreting “a person” to include minors under the age of 14 is inconsistent with the legislative intent of NRS 201.230(1) or yields an absurd result.

 569 A.2d 1154, 1155 (Conn. App. Ct. 1990) (relying on Conn. Gen. Stat. Ann. § 53-21, which prohibits “any person” from committing an act likely to impair the victim’s morals).

 Id. at 1156.

 In light of this opinion, we vacate the stay imposed by our December 6, 2006, order.