An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOE PANICARO,
Petitioner,
vs.
STATE BAR OF NEVADA,
Respondent.

No. 67409

**FILED**

DEC 3 0 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY *S. Young*
DEPUTY CLERK

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS

This is an original petition for a writ of mandamus to compel the State Bar of Nevada to produce public records. Petitioner Joe Panicaro seeks an order requiring the Nevada State Bar to disclose records relating to the disciplinary actions taken against attorney Martin Crowley. Panicaro alleges that respondent, the State Bar of Nevada, inadequately investigated Crowley for practicing while suspended.

Panicaro submitted a public records request in January 2015. Although there is nothing in the record showing that the State Bar responded to this request, the State Bar argues that it delivered all of the requested documents to Panicaro in response to his previous requests and that no new documents were available at the time of Panicaro's January 2015 request.

Panicaro asks this court to issue a writ compelling the State Bar to turn over the requested documents. Due to the issues of material fact surrounding the petition and the State Bar's answer, this court is not the proper forum for this petition. Accordingly, the petition must be denied.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-40064

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *see also Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). A writ of mandamus is an extraordinary remedy, and it is within the discretion of this court to decide whether a petition will be entertained. We will generally refuse to issue an extraordinary writ when there is an adequate remedy at law. *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008); *see also* NRS 34.170. Panicaro has such a remedy here.

> 1. If a request for inspection, copying or copies of a public book or record open to inspection and copying is denied, the requester *may apply to the district court in the county in which the book or record is located for an order*:
>
> (a) Permitting the requester to inspect or copy the book or record; or
>
> (b) Requiring the person who has legal custody or control of the public book or record to provide a copy to the requester,
>
> as applicable.

NRS 239.011(1) (emphasis added). By law, Panicaro must petition the district court if he believes that the State Bar has failed to comply with its obligation to disclose all requested public documents. District court review is appropriate because there may be issues of fact, specifically if

the parties dispute whether certain documents exist or whether specific documents are public or confidential.

Because there exists an adequate remedy at law, we decline to reach the parties' arguments on the merits and exercise original jurisdiction in this matter. Accordingly, we

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Charles R. Kozak
      State Bar of Nevada/Las Vegas
      Parsons Behle & Latimer/Reno