132 Nev., Advance Opinion 10

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| THE STATE OF NEVADA DEPARTMENT OF TRANSPORTATION, Petitioner, vs. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE SUSAN SCANN, DISTRICT JUDGE, Respondents, and JORGENSON & KOKA, LLP, A NEVADA LIMITED LIABILITY PARTNERSHIP; PWREO EASTERN AND ST. ROSE, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND CITY OF HENDERSON, A MUNICIPAL CORPORATION, Real Parties in Interest. | No. 67465 <br><br> **FILED** <br><br> FEB 25 2016 <br><br> TRACIE K. LINDEMAN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |

Original petition for a writ of prohibition or mandamus challenging a district court order denying a motion to dismiss.

*Petition denied.*

Adam Paul Laxalt, Attorney General, and Roger K. Miles, Deputy Attorney General, Carson City,
for Petitioner.

Josh M. Reid, City Attorney, and Nancy D. Savage, Assistant City Attorney, Henderson,
for Real Party in Interest City of Henderson.

SUPREME COURT OF NEVADA

(O) 1947A

5/3/16: Corrected per letter to publishers. CT

16-06013

Lee, Hernandez, Landrum & Garofalo and David S. Lee and Charlene N. Renwick, Las Vegas,
for Real Parties in Interest PWREO Eastern and St. Rose, LLC.

Reisman Sorokac and Robert R. Warns, III, Las Vegas,
for Real Party in Interest Jorgenson & Koka, LLP.

---

BEFORE THE COURT EN BANC.

*OPINION*

By the Court, HARDESTY, J.:

In this original writ proceeding, we are asked to consider whether a complaint alleging professional negligence in an action filed against petitioner State of Nevada Department of Transportation (NDOT) must be accompanied by an attorney affidavit and an expert report pursuant to NRS 11.258. Because we conclude that NDOT is not a design professional as envisioned by the Legislature in NRS 11.2565(1)(a), we further conclude that the requirements of NRS 11.258 are inapplicable to NDOT since the action would not statutorily qualify as "an action involving nonresidential construction." NRS 11.258(1). Accordingly, we deny this petition.

*FACTS AND PROCEDURAL HISTORY*

Real party in interest Jorgenson & Koka, LLP (J&K) filed suit against NDOT and real parties in interest PWREO Eastern and St. Rose, LLC (collectively, PWREO) and the City of Henderson. PWREO owned a commercial shopping center in Henderson, Nevada, and leased a portion of the shopping center to J&K for an urgent care facility. In its amended complaint, J&K alleged that water entered its premises on two separate

occasions and that NDOT failed to prevent the flooding. J&K asserted a claim of negligence against NDOT for failing to properly design, construct, maintain, and/or repair a state highway located adjacent to J&K's premises. PWREO filed a cross-claim against NDOT and the City, asserting claims of negligence, equitable indemnity, implied indemnity, contribution, and declaratory relief.

NDOT filed motions to dismiss the amended complaint and the cross-claim for failure to comply with NRS 11.256-.259. The district court denied the motions after finding that NDOT is not "primarily engaged in the practice of professional engineering" and, as such, all claims brought against NDOT are not subject to the mandatory filing requirements of NRS 11.256-.259. This petition for writ relief followed.

## DISCUSSION

### Writ relief is appropriate

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Humphries v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 85, 312 P.3d 484, 486 (2013) (quoting *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008)); NRS 34.160. Generally, "[w]rit relief is not available . . . when an adequate and speedy legal remedy exists." *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. "While an appeal generally constitutes an adequate and speedy remedy precluding writ relief, we have, nonetheless, exercised our discretion to intervene 'under circumstances of urgency or strong necessity, or when an important issue of law needs clarification and sound judicial economy and administration favor the granting of the petition.'" *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008) (footnote

Supreme Court
of
Nevada

(O) 1947A

3

omitted) (quoting *State v. Second Judicial Dist. Court*, 118 Nev. 609, 614, 55 P.3d 420, 423 (2002)).[1]

Although NDOT appears to have a plain, speedy, and adequate remedy in the form of an appeal from any judgment rendered against it, we exercise our discretion to consider this petition because the applicability of NRS 11.258 to NDOT raises an important legal issue in need of clarification. Furthermore, the interests of sound judicial economy and administration favor resolving this writ petition.

*NRS 11.258 does not apply to NDOT*

NRS 11.258(1) provides that

in an action involving nonresidential construction, the attorney for the complainant shall file an affidavit with the court concurrently with the service of the first pleading in the action stating that the attorney:

(a) Has reviewed the facts of the case;

(b) Has consulted with an expert;

(c) Reasonably believes the expert who was consulted is knowledgeable in the relevant discipline involved in the action; and

---

[1]Alternatively, NDOT seeks a writ of prohibition. A writ of prohibition is applicable when a district court acts "without or in excess of [its] jurisdiction." NRS 34.320; *see also Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*, 128 Nev., Adv. Op. 21, 276 P.3d 246, 249 (2012). A writ of prohibition is inappropriate here because the district court had jurisdiction to rule on the motions to dismiss. *See Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (explaining that we will not issue a writ of prohibition "if the court sought to be restrained had jurisdiction to hear and determine the matter under consideration").

(d) Has concluded on the basis of the review and the consultation with the expert that the action has a reasonable basis in law and fact.

Pursuant to NRS 11.258(3), the attorney's affidavit must also be accompanied by an expert report. NRS 11.2565(1) defines an "[a]ction involving nonresidential construction" as one that:

(a) Is commenced against a design professional; and

(b) Involves the design, construction, manufacture, repair or landscaping of a nonresidential building or structure, of an alteration of or addition to an existing nonresidential building or structure, or of an appurtenance, including, without limitation, the design, construction, manufacture, repair or landscaping of a new nonresidential building or structure, of an alteration of or addition to an existing nonresidential building or structure, or of an appurtenance.

The district court concluded that the claims against NDOT are not actions concerning nonresidential construction pursuant to NRS 11.2565(1), thus an affidavit and expert report were not necessary. "We review the district court's legal conclusions de novo." *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008).

*NDOT is not a design professional*

NDOT argues that it is a design professional because its employees hold professional engineering licenses and it primarily engages in professional engineering. We disagree. NRS 11.2565(2)(b) defines "[d]esign professional" as "a person who holds a professional license or certificate issued pursuant to chapter 623 [Architecture, Interior Design and Residential Design], 623A [Landscape Architects] or 625 [Professional Engineers and Land Surveyors] of NRS *or* a person primarily engaged in

the practice of professional engineering, land surveying, architecture or landscape architecture." (Emphasis added.)

Not all NDOT employees are statutorily required to be licensed professional engineers. *See* NRS 408.106 (setting forth the makeup and qualifications of the NDOT board of directors but not requiring members to solely be licensed professional engineers); NRS 408.163 (setting forth the qualifications for the NDOT director but not requiring the director to be a licensed professional engineer); NRS 408.178(1)-(2) (setting forth the qualifications for NDOT deputy directors and the chief engineer and requiring the chief engineer to "be a licensed professional engineer"). Moreover, it cannot be said that NDOT is "primarily engaged in the practice of professional engineering." NRS 11.2565(2)(b). NRS 625.050(1) defines "professional engineering" as

> (a) Any professional service which involves the application of engineering principles and data, such as surveying, consultation, investigation, evaluation, planning and design, or responsible supervision of construction or operation in connection with any public or private utility, structure, building, machine, equipment, process, work or project, wherein the public welfare or the safeguarding of life, health or property is concerned or involved.

> (b) Such other services as are necessary to the planning, progress and completion of any engineering project or to the performance of any engineering service.

NDOT engages in several of these activities. *See, e.g.*, NRS 408.200(1), (3) (stating that NDOT director's duties include investigating the best approach for highway construction and maintenance throughout the state and consulting with county officials regarding streets and highways in their counties); NRS 408.233(2)(c) (providing that NDOT

6

planning division's duties include "evaluat[ing] the [department's] policies, plans, proposals, systems, programs and projects"); NRS 408.234(2)(i), (k) (stating that NDOT planning division shall "[i]nvestigate possible sources of money" for promotion of and participation in programs for bicycle transportation on state roadways). However, NDOT's board of directors is the "custodian of the state highways and roads," NRS 408.100(5), and its director's duties include "construction, reconstruction, improvement, maintenance and repair of all highways" in Nevada, NRS 408.195. Thus, while some NDOT employees may be engaged in areas of professional engineering, we cannot conclude that NDOT is "primarily engaged in the practice of professional engineering" as contemplated by NRS 11.2565(2)(b).[2]

Finally, NRS 11.2565(2)(b) defines "[d]esign professional" as "*a person* who holds a professional license or certificate . . . or *a person* primarily engaged in the practice of professional engineering." (Emphases added.) "Person" is defined as "a natural person, any form of business or social organization and any other nongovernmental legal entity including, but not limited to, a corporation, partnership, association, trust or unincorporated organization. The term does not include a government, governmental agency or political subdivision of a government." NRS 0.039. As a government entity, NDOT does not fall within this definition.

---

[2]Alternatively, NDOT argues that it primarily engages in architecture, landscape architecture, and land surveying. However, identical to our analysis above, these activities are also only a portion of the activities in which NDOT engages. Thus, this argument lacks merit.

Accordingly, for the reasons set forth above, we conclude that NDOT is not a design professional as envisioned by the Legislature in NRS 11.2565(1)(a).[3] As such, the requirements of NRS 11.258 are inapplicable to NDOT since the action would not statutorily qualify as "an action involving nonresidential construction." NRS 11.258(1). Because NRS 11.258 is inapplicable to NDOT, we conclude that the district court did not err in denying NDOT's motion to dismiss, and we thus deny this petition.[4]

We concur:

_____, J.
Hardesty

_____, C.J.
Parraguirre

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

_____, J.
Pickering

---

[3]Because both subsections of NRS 11.2565(1) must be met in order for a claim to be classified as an "[a]ction involving nonresidential construction" and we have determined that NDOT does not qualify as a design professional under subsection (a), we need not consider whether subsection (b) has been satisfied.

[4]NDOT also argues that NRS 11.259 mandates dismissal with prejudice. Because we conclude that the district court did not err in denying NDOT's motions to dismiss, we do not address this argument.