132 Nev., Advance Opinion 77

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NEVADA YELLOW CAB CORPORATION; NEVADA CHECKER CAB CORPORATION; AND NEVADA STAR CAB CORPORATION,<br>Petitioners,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE RONALD J. ISRAEL, DISTRICT JUDGE,<br>Respondents,<br>　and<br>CHRISTOPHER THOMAS; AND CHRISTOPHER CRAIG,<br>Real Parties in Interest. | No. 68975<br><br>**FILED**<br><br>OCT 27 2016<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY _____<br>CHIEF DEPUTY CLERK |
| BOULDER CAB, INC.,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE TIMOTHY C. WILLIAMS, DISTRICT JUDGE,<br>Respondents,<br>　and<br>DAN HERRING,<br>Real Party in Interest. | No. 68949 |

Original petitions for writs of mandamus challenging district court orders denying, respectively, a motion to dismiss in Docket No. 68975 and a motion for summary judgment in Docket No. 68949.

SUPREME COURT
OF
NEVADA

(O) 1947A

2/9/17: Corrected per letter to publishers. CT

16-33627

*Petitions denied.*

Jackson Lewis P.C. and Paul T. Trimmer, Las Vegas; Marc C. Gordon and Tamer B. Botros, Las Vegas,
for Nevada Yellow Cab Corporation, Nevada Checker Cab Corporation, and Nevada Star Cab Corporation.

Winner & Carson, P.C., and Robert A. Winner, Las Vegas,
for Boulder Cab, Inc.

Leon Greenberg Professional Corporation and Leon M. Greenberg, Las Vegas,
for Christopher Thomas, Christopher Craig, and Dan Herring.

Joshua D. Buck, Reno; Michael P. Balaban, Las Vegas; Christian J. Gabroy, Henderson,
for Amicus Curiae Nevada National Employment Lawyers Association.

Hejmanowski & McCrea LLC and Malani L. Kotchka, Las Vegas,
for Amicus Curiae Western Cab Company.

Littler Mendelson and Rick D. Roskelley, Roger L. Grandgenett, II, Montgomery Y. Paek, and Crystal J. Herrera, Las Vegas,
for Amicus Curiae Sun Cab, Inc.

Law Office of Richard Segerblom, Ltd., and Richard Segerblom, Las Vegas,
for Amicus Curiae International Technical Professional Employee Union.

Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, and Bradley S. Schrager and Don Springmeyer, Las Vegas,
for Amicus Curiae Progressive Leadership Alliance of Nevada.

---

BEFORE THE COURT EN BANC.[1]

## OPINION

By the Court, HARDESTY, J.:

This court determined in *Thomas v. Nevada Yellow Cab Corp.*, 130 Nev., Adv. Op. 52, 327 P.3d 518 (2014), that the Minimum Wage Amendment, Article 15, Section 16 of the Nevada Constitution, enacted by the voters in 2006, impliedly repealed NRS 608.250(2)(e)'s exemption of taxicab drivers from minimum wage requirements. In this opinion, we consider whether our holding in *Thomas* is effective from the date the opinion was published in 2014, only, or whether it should apply retroactively from the date the Amendment was enacted in 2006. As this court's function is to declare what the law is, not to create the law, we conclude that NRS 608.250(2)(e) was repealed when the Amendment became effective.

## FACTS AND PROCEDURAL HISTORY

In the 1970s, NRS 608.250 was amended to provide that taxicab drivers were exempt from the existing statutory minimum wage requirements. In 2004 and 2006, Nevada citizens voted to approve the Amendment, which amended the Constitution to set new minimum wage standards in Nevada but did not expressly repeal statutory provisions like NRS 608.250. The Amendment became effective on November 28, 2006.

In 2005, after voters had initially approved the Amendment and while it was pending a second vote, the then-attorney general released

---

[1]The Honorable Nancy M. Saitta, Justice, having retired, this matter was decided by a six-justice court.



an opinion stating that the Amendment likely superseded NRS 608.250(2)'s exemptions of industries from minimum wage requirements. 05-04 Op. Att'y Gen. 12, 21 (2005). However, in 2009, a federal district court reached a different conclusion when it granted a limousine company's motion to dismiss a complaint filed by a group of limousine drivers requesting unpaid minimum wages. *See Lucas v. Bell Trans*, No. 2:08-cv-01792-RCJ-RJ, 2009 WL 2424557, at *8 (D. Nev. June 24, 2009), *abrogation recognized in Thurmond v. Presidential Limousine*, No. 2:15-cv-01066-MMD-PAL, 2016 WL 632222 (D. Nev. February 17, 2016). The court was considering whether the NRS 608.250 exemptions from minimum wage requirements were repealed by the Amendment's enactment in 2006, and it concluded that the exemptions were still valid, precluding the drivers' minimum wage claims. *Id.*

On June 26, 2014, this court published its opinion in *Thomas*, disagreeing with the *Lucas* decision and concluding that the Amendment impliedly repealed NRS 608.250(2)(e). 130 Nev., Adv. Op. 52, 327 P.3d at 522. As a result, taxicab companies were required to pay taxicab drivers the minimum wage set forth in the Amendment. *Id.*

In two separate cases, real parties in interest Christopher Thomas, Christopher Craig, and Dan Herring (collectively, the taxicab drivers) filed class actions in district court against petitioners Nevada Yellow Cab Corporation, Nevada Checker Cab Corporation, Nevada Star Cab Corporation, and Boulder Cab, Inc. (collectively, the taxicab companies), seeking unpaid taxicab driver wages dating back to the effective date of the Amendment. The taxicab companies filed motions to dismiss and for summary judgment, arguing that our holding in *Thomas* applied prospectively, not retroactively, which the district courts denied.

The taxicab companies then filed these writ petitions challenging the district courts' orders, arguing that, under these circumstances, caselaw from the United States Supreme Court and this court provide that *Thomas* should apply only prospectively.[2] Given the identical legal issues, we consolidate these writ petitions for disposition. *See* NRAP 3(b).

## DISCUSSION

### Writ of mandamus

"A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station or to control an arbitrary or capricious exercise of discretion." *Humphries v. Eighth Judicial Dist. Court*, 129 Nev., Adv. Op. 85, 312 P.3d 484, 486 (2013) (quoting *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008)); *see* NRS 34.160. Generally, "[w]rit relief is not available . . . when an adequate and speedy legal remedy exists." *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. "While an appeal generally constitutes an adequate and speedy remedy precluding writ relief, we have, nonetheless, exercised our discretion to

---

[2]This court permitted amici briefs to be filed in both cases by Western Cab Company, Sun Cab, Inc., Progressive Leadership Alliance of Nevada, and the Nevada affiliate chapter of the National Employment Lawyers Association. Industrial Technical Professional Employees Union filed an amicus brief in Docket No. 68975 only.

Notably, Western Cab Company made a number of additional arguments in its briefs, including that the Amendment is void for vagueness and is preempted. We decline to consider these arguments as these issues were not raised in district court. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (stating that issues not raised before the district court are waived).

intervene under circumstances of urgency or strong necessity, or when an important issue of law needs clarification and sound judicial economy and administration favor the granting of the petition." *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008) (footnote and internal quotations omitted).

We are aware of at least five other cases that have been filed in Clark County raising the same or similar question we consider in these writ proceedings. Moreover, the issue impacts employees statewide. Thus, these petitions raise an important legal issue in need of clarification, and this court's review would promote sound judicial economy and administration. We therefore exercise our discretion and consider these writ petitions to clarify whether our holding in *Thomas* is to be applied prospectively or retroactively.

*The Nevada Constitution's minimum wage requirements became effective on the day the Amendment was enacted*

The taxicab companies argue that under *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), and *Breithaupt v. USAA Property & Casualty Insurance Co.*, 110 Nev. 31, 867 P.2d 402 (1994), the holding in *Thomas* should apply purely prospectively because inequitable results will occur if taxicab drivers are provided back wages for work performed prior to the 2014 opinion. The taxicab companies further contend that they should not have been expected to predict that NRS 608.250(2)(e) was impliedly repealed, because the legal issue in *Thomas* was so close that three justices of this court dissented and the federal court in *Lucas* reached a different conclusion.

*United States Supreme Court retroactivity precedent regarding civil laws on direct appeal*

In *Chevron Oil*, the United States Supreme Court considered whether to apply its decision in *Rodrigue v. Aetna Casualty & Surety Co.*, 395 U.S. 352 (1969), retroactively. 404 U.S. at 97-98. In *Rodrigue*, the Court concluded that state law remedies apply to claims filed under the Outer Continental Shelf Lands Act (Lands Act). 395 U.S. at 357-59. As a result of *Rodrigue*, the Court in *Chevron Oil* determined that Louisiana's one-year statute of limitations would typically apply to the injured respondent's action under the Lands Act. 404 U.S. at 99. However, if the one-year statute of limitations was applied against the injured respondent, his claim would have been barred because he filed the claim more than a year after the accident. *Id.* at 105.

The Court then considered whether retroactive application of its holding in *Rodrigue* was inappropriate under the circumstances presented. *Id.* at 105-08. The Court articulated three factors to consider when determining retroactivity[3] before declining to apply *Rodrigue*, and

---

[3]This court cited to these factors in *Breithaupt v. USAA Property & Casualty Insurance Co.*:

> In determining whether a new rule of law should be limited to prospective application, courts have considered three factors: (1) "the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed;" (2) the court must "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

the state one-year statute of limitations, against the injured respondent in *Chevron Oil*. *Id*. at 106-07. The Court reasoned that the injury at issue had occurred three years before the *Rodrigue* decision, and the lawsuit was filed one year before that decision. *Id*. at 105. The Court also noted that *Rodrigue* was a case of first impression in the Supreme Court, and it had overruled a long line of federal court precedent applying admiralty law, including the doctrine of laches. *Id*. at 107. Ultimately, the Court concluded that it would be unfair and inconsistent with the Land Act's purposes to retroactively impose the one-year limitations period on the injured respondent. *Id*. at 109.

More recent Supreme Court jurisprudence has strongly disapproved of the *Chevron Oil* factors when considering federal civil law. *See, e.g., Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 94-97 (1993) (providing a comprehensive review of cases that call *Chevron Oil* into question). In *American Trucking Ass'ns, Inc. v. Smith*, four dissenting justices concluded that limits on retroactivity in civil cases, such as those placed by *Chevron Oil*, are inappropriate. 496 U.S. 167, 218-24 (1990) (Stevens, J., joined by Brennan, Marshall, and Blackmun, JJ., dissenting). Justice Scalia concurred with the judgment, but agreed with the dissenting justices that:

---

*...continued*

> retrospective operation will further or retard its operation;" and (3) courts consider whether retroactive application "could produce substantial inequitable results."

110 Nev. 31, 35, 867 P.2d 402, 405 (1994) (quoting *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106-07 (1971)).

SUPREME COURT
OF
NEVADA

(O) 1947A

8

prospective decisionmaking is incompatible with the judicial role, which is to say what the law is, not to prescribe what it shall be. The very framing of the issue that we purport to decide today—whether our decision in *Scheiner* shall "apply" retroactively—presupposes a view of our decisions as *creating* the law, as opposed to *declaring* what the law already is. Such a view is contrary to that understanding of "the judicial Power," U.S. Const., Art. III, § 1, which is not only the common and traditional one, but which is the only one that can justify courts in denying force and effect to the unconstitutional enactments of duly elected legislatures, see *Marbury v. Madison*, 1 Cranch 137 (1803)—the very exercise of judicial power asserted in *Scheiner*.

*Id.* at 201 (Scalia, J., concurring).

Subsequently, in *James B. Beam Distilling Co. v. Georgia*, the Court determined, in plurality and concurring opinions, that in a civil context "it is error to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so." 501 U.S. 529, 540 (1991).[4] The Court reasoned:

[L]itigants [should not] be distinguished for [retroactivity] purposes on the particular equities of their claims to prospectivity: whether they actually relied on the old rule and how they would suffer from retroactive application of the new. It is simply in the nature of precedent, as a

---

[4]This opinion is authored by Justice Souter and joined by Justice Stevens. In two concurring opinions, four other Supreme Court Justices also agreed with this proposition. *See James B. Beam Distilling Co. v. Georgia*, 501 U.S. 529, 544 (1991) (White, J., concurring); *id.* at 547-48 (Blackmun, J., joined by Marshall and Scalia, JJ., concurring).

necessary component of any system that aspires to fairness and equality, that the substantive law will not shift and spring on such a basis.

*Id.* at 543.

Finally, in *Harper*, for the first time, a majority of Justices joined in a majority opinion that held:

When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

509 U.S. at 97.

*The Chevron Oil factors are inapplicable to this case*

The taxicab companies argue, in effect, that NRS 608.250(2)(e) was not expressly or impliedly repealed at the time Article 15, Section 16 was passed; rather, the repeal happened when *Thomas* was decided. We conclude that this argument fails because, as stated by Justice Scalia, "[t]o hold a governmental Act to be unconstitutional is not to announce that *we* forbid it, but that the *Constitution* forbids it." *American Trucking*, 496 U.S. at 201 (Scalia, J., concurring). Furthermore, to conclude that *Thomas* applies only prospectively would be to "presuppose[ ] a view of our decisions as *creating* the law, as opposed to *declaring* what the law already is." *Id.*

The principles supporting Nevada's Separation of Powers Clause, Nev. Const. art. 3, § 1, preclude this court from having the "quintessentially legislat[ive] prerogative to make rules of law retroactive or prospective as we see fit." *Harper*, 509 U.S. at 95 (alteration in original) (internal quotations omitted).

> The powers of the Government of the State of Nevada shall be divided into three separate departments,—the Legislative,—the Executive and the Judicial; and no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions, appertaining to either of the others . . . .

Nev. Const. art. 3, § 1. "[L]egislative power is the power of law-making representative bodies to frame and enact laws, and to amend or repeal them. This power is indeed very broad." *Galloway v. Truesdell*, 83 Nev. 13, 20, 422 P.2d 237, 242 (1967); *see also Harper*, 509 U.S. at 107 (Scalia, J., concurring) (stating that it is "the province and duty of the judicial department to say what the law *is*, not what the law *shall* be" (internal quotations and citation omitted)).

Based on these principles, we hold that when we interpret a constitutional amendment and conclude that it impliedly repeals a statute, that decision applies retroactively to when the amendment was enacted regardless of the balance of equities. Thus, in *Thomas* we simply declared what the law was upon enactment of the Amendment in 2006, we did not create the law in 2014.[5]

For these reasons, we must also reexamine our injection of the *Chevron Oil* factors into this court's analysis in *Breithaupt*. In *Breithaupt*,

---

[5]Our holding in this opinion should not be read as overturning the *Chevron Oil* factors in all instances. Certain scenarios may still justify use of the equitable factors. For example, "the paradigm case" where the factors may still apply is when "a court expressly overrules a precedent upon which the contest would otherwise be decided differently and by which the parties may previously have regulated their conduct." *James B. Beam*, 501 U.S. at 534.

the appellant sued her automobile insurance company after a 1988 car accident claiming that the insurance company failed to comply with a statutory requirement that automobile insurance companies notify consumers about their uninsured/underinsured motorist coverage options. 110 Nev. at 32, 867 P.2d at 403. In reviewing the statute at issue, the *Breithaupt* court recognized that in *Quinlan v. Mid Century Ins.*, 103 Nev. 399, 741 P.2d 822 (1987), the court previously interpreted the statute as requiring insurers to simply notify consumers that specific coverage was available. *Breithaupt*, 110 Nev. at 33, 867 P.2d at 404. However, this court further recognized that in 1990 the Legislature amended the statute to impose a heightened notice requirement, leaving "no doubt that . . . *Quinlan*'s notice standard [was] inapplicable to insurance transactions which occur after the effective date of the statute." *Id.* at 35, 867 P.2d at 405.

The appellant in *Breithaupt* contended that the "[L]egislature considered *Quinlan* to be wrongly decided" and urged this court to instead retroactively apply the heightened standard imposed by the statute. *Id.* at 35, 867 P.2d at 405. In declining to apply the statute retroactively, we concluded that the legislative history for the 1990 amendment did not indicate the Legislature considered *Quinlan* wrongly decided. *Id.* However, reciting the *Chevron Oil* factors, we also stated that even if *Quinlan* was wrongly decided, we would still not apply the heightened notice requirement retroactively because "[t]he overruling of a judicial construction of a statute" is generally applied prospectively, and based on the potential for "highly inequitable" results. *Id.* at 35-36, 867 P.2d at 405-06.

Although we agree with *Breithaupt*'s holding, we disagree with its reference to the *Chevron Oil* factors because the issue in *Breithaupt* involved whether a rule passed by statute—the heightened notice requirement—should apply retroactivity.[6] The 1987 *Quinlan* decision pronounced what statutory notice requirement was in effect at that time. The Legislature amended that requirement in 1990, but did not express an intent to apply the heightened standard retroactively—this court's analysis should have ended there. *See Pub. Emps. Benefits Program v. Las Vegas Metro. Police Dep't*, 124 Nev. 138, 154, 179 P.3d 542, 553 (2008) ("In Nevada, as in other jurisdictions, statutes operate prospectively, unless the Legislature clearly manifests an intent to apply the statute retroactively." (internal quotations omitted)). It is not the duty of this court to determine whether rules adopted in statutory amendments apply retroactively based on equitable factors.

## CONCLUSION

We conclude that NRS 608.250(2)(e) was repealed when the Amendment was enacted in 2006, not when *Thomas* was decided in 2014. Further, we decline to apply our caselaw in a purely prospective manner

---

[6]Despite noting that the United States Supreme Court had recently disapproved of the *Chevron Oil* factors in *American Trucking Ass'ns, Inc. v. Smith*, 496 U.S. 167 (1990), the *Breithaupt* court proceeded to apply the factors to reach its conclusion. 110 Nev. at 35 n.3, 867 P.2d at 405 n.3. Significantly, *Breithaupt* did not cite *James B. Beam* or *Harper*.

when considering the effect of a constitutional amendment on a statute.[7] Accordingly, we deny the petitions for writs of mandamus.

_____, J.
       Hardesty

We concur:

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

---

[7]We note that, although the taxicab drivers may have claims for back wages, any such claims are subject to the applicable statute of limitations. We do not address the applicable statute of limitations here because it is not raised in these petitions.