By the Court, HARDESTY, J.:
*32 In this appeal, we must determine whether a payday loan licensee can sue to collect on the recovery of a loan made for the purpose of refinancing prior loans under NRS 604A.480(2). We conclude that NRS 604A.480(2)(f) bars a licensee from bringing any type of enforcement action on a refinancing loan made under NRS 604A.480(2). Because the district court erred in concluding that NRS 604A.480 does not prohibit certain payday loan licensees from filing suit against borrowers who default on the loans, we reverse.
I.
Responding to a so-called "debt treadmill," the 2005 Legislature enacted Assembly Bill (A.B.) 384, later codified as NRS Chapter 604A, to regulate the payday loan industry. See A.B. 384, 73d Leg. (Nev. 2005); 2005 Nev. Stat., ch. 414, at 1683.
Included in the statutory scheme is the regulation of deferred deposit loans and high-interest loans. Id. Deferred deposit loans are those in which the borrower provides a check or authorization for the electronic transfer of funds on a future date in exchange for a loan. NRS 604A.050. A high-interest loan is a loan that charges an annual interest rate greater than 40 percent. NRS 604A.0703. Both deferred deposit and high-interest loans generally have an original loan term limited to 35 days. NRS 604A.408. If a borrower cannot repay the loan within 35 days, NRS 604A.480 is implicated. When the Legislature passed A.B. 384, it included a provision which allowed for a refinancing agreement with a 60-day extension beyond the term of the original loan. NRS 604A.480(1) ; see 2005 Nev. Stat., ch. 414, at 1683.
Under subsection 1 of NRS 604A.480, a licensee must not "establish or extend the period for the repayment, renewal, refinancing or consolidation of an outstanding loan ... beyond 60 days after the expiration of the initial loan period." Further, the licensee must "not add any unpaid interest or other charges accrued during the original term of the outstanding loan or any extension of the outstanding loan to the principal amount of the new deferred deposit loan or high-interest loan." Id. However, under NRS 604A.480(2), certain new deferred deposit or high-interest loans are exempt from subsection 1's restrictions.
NRS 604A.480(2) allows a licensee to offer a new loan to satisfy an outstanding loan for a period of not less than 150 days and at an interest rate of less than 200 percent. NRS 604A.480(2)(a)(1), (3). However, the licensee must follow all of the specific requirements in NRS 604A.480(2) for the new loan to be exempted from the provisions of subsection 1. The requirement at issue in this appeal is NRS 604A.480(2)(f), which permits a loan to be made under subsection 2 so long as the licensee "[d]oes not commence any civil action or process of alternative dispute resolution on a defaulted loan or any extension or repayment plan thereof."
Over the years, NRS 604A.480(2)(f) has been interpreted by appellant Nevada Department of Business and Industry, Financial Institutions Division (the FID); the Office of the Attorney General; and the Legislative Counsel Bureau (LCB). In December 2009, the FID issued a declaratory order and advisory opinion regarding mandatory disclosures for loans made pursuant to NRS 604A.480(2). State, Dep't of Bus. & Indus., Fin. Inst. Div., Declaratory Order and Advisory Opinion Regarding Mandatory Disclosures for Loans Made Pursuant to NRS 604A.480 (2009). In that opinion, the FID stated that "civil action and alternative dispute resolution are specifically prohibited in loans made pursuant to NRS 604A.480." Id. at 5. The FID also determined that a "consumer should not feel that he is subject to *33 civil action when, in fact such actions are prohibited by law." Id. at 6.
Similarly, in October 2012, the Office of the Attorney General responded to a request for an opinion on whether the language in NRS 604A.480(2)(f) applies only to actions to collect on the outstanding loan, or also to the new loan being used to pay the balance of an outstanding loan. 2012-06 Op. Att'y Gen. 1 (2012). Referencing both the FID opinion and the legislative history and public policy behind NRS Chapter 604A, id. at 1-3, the Attorney General concluded that NRS 604A.480(2)(f)"applies to both an outstanding loan as well as a new loan" used to pay off the outstanding loan, id. at 4.
However, in July 2011, the LCB issued an opinion that the restrictions and requirements in subsection 2 "are not affirmative prohibitions against a licensee." Letter from Brenda J. Erdoes, Legislative Counsel, to Assemblyman Marcus Conklin (July 26, 2011) (discussing the provisions of NRS 604A.480 ). The LCB further determined that subsection 2(f) does not prohibit licensees from "commencing any civil action or process of alternative dispute resolution against a customer who subsequently defaults" on a new loan made under NRS 604A.480(2). Id.
Respondent Dollar Loan Center (DLC) sought judicial interpretation of NRS 604A.480(2)(f) by filing a declaratory relief action against FID in the district court. The parties thereafter agreed to convert the controversy into a proceeding under NRS 29.010.[1]
After the district court concluded that NRS 604A.480(2)"contains no prohibition of any kind against a licensee, but are merely the conditions precedent that must be satisfied for a licensee to be exempt from" NRS 604A.480(1)'s requirements, FID filed this appeal.
II.
The parties in this appeal disagree as to whether: (1) NRS 604A.480(2)(f) bars a licensee that provides a loan under NRS 604A.480(2) from bringing any type of enforcement action on that refinanced loan when the debtor defaults; or (2) the provision operates as a condition precedent to making a refinancing loan under that statute, and therefore, does not bar a subsequent action to enforce the refinanced loan. We are presented with the narrow question of whether a licensee can sue to collect on the recovery of a loan under NRS 604A.480(2) made for the purpose of refinancing prior loans.
A.
This court reviews questions of statutory construction de novo. Pub. Emps.' Ret. Sys. of Nev. v. Reno Newspapers, Inc., 129 Nev. 833, 836, 313 P.3d 221, 223 (2013). "[S]tatutes with a protective purpose should be liberally construed in order to effectuate the benefits intended to be obtained." Cote H. v . Eighth Judicial Dist. Court, 124 Nev. 36, 40, 175 P.3d 906, 908 (2008) (internal quotation marks omitted). Furthermore, statutory interpretation must "not render any part of the statute meaningless," or "produce absurd or unreasonable results." Orion Portfolio Servs. 2, LLC v. Cty. of Clark ex rel. Univ. Med . Ctr. of S. Nev., 126 Nev. 397, 403, 245 P.3d 527, 531 (2010).
B.
The Legislature enacted laws in 2005 governing deferred deposit and high-interest loans, codified as NRS Chapter 604A. See A.B. 384, 73d Leg. (Nev. 2005); 2005 Nev. Stat., ch. 414, at 1683. The policy purpose of NRS Chapter 604A was to stop the "debt treadmill" where a borrower is unable to repay a loan and often takes out a larger loan to cover the principal, interest, and fees from the unpaid original loan. See, e.g., Hearing on *34 A.B. 384 Before the Senate Comm. on Commerce & Labor, 73d Leg. (Nev., May 6, 2005). We, therefore, view the refinancing provisions of NRS 604A.480 as having a protective purpose requiring a liberal construction to effectuate its intended benefits. See Cote H., 124 Nev. at 40, 175 P.3d at 908.
NRS 604A.408(1) provides a maximum term of 35 days for an original deferred deposit or a high-interest loan. When a borrower cannot pay the loan in full within 35 days, "the repayment, renewal, refinancing or consolidation" of an outstanding loan may not be extended beyond 90 days. NRS 604A.408(3). Thereafter, under NRS 604A.480, the borrower may take out a new deferred deposit or high-interest loan and use the proceeds of that loan to repay or refinance the balance of an outstanding loan. NRS 604A.480 offers two loan options for when a licensee and borrower enter into an agreement to use a new loan to satisfy an existing loan. The first option, under subsection 1, restricts the term of the new loan to 60 days and prohibits the licensee from "add[ing] any unpaid interest or other charges accrued during the original term of the outstanding loan ... to the principal amount of the new deferred deposit loan or high-interest loan." The second option, under subsection 2, exempts the new loan from subsection 1's restrictions where the licensee meets certain requirements, including the requirement relevant to this appeal-that the licensee "[d]oes not commence any civil action or process of alternative dispute resolution on a defaulted loan or any extension or repayment plan thereof," NRS 604A.480(2)(f).
We conclude that the plain language of NRS 604A.480(2) expressly permits a licensee to offer a new deferred deposit or high-interest loan that is not subject to the sixty-day restriction or principal-adjustment prohibition of subsection 1. However, when the licensee does so, the licensee is subject to all of the statute's limitations, including NRS 604A.480(2)(f), which bars a licensee from pursuing "any civil action or process of alternative dispute resolution on a defaulted loan or any extension or repayment plan thereof ." (Emphasis added.)
NRS 604A.065 defines " '[e]xtension' " as "any extension or rollover of a loan beyond the date on which the loan is required to be paid in full under the original terms of the loan agreement." Based on a plain reading, we conclude that this statutory definition applies to extensions of the original loan. And, construing the statutes as a whole, we further conclude that, if a licensee issues a new deferred deposit loan or a new high-interest loan to a borrower in order to pay the balance of an outstanding loan on terms set forth in NRS 604A.480(2)(a),[2] the licensee foregoes the right to file a civil action or institute alternative dispute resolution proceedings on that new loan pursuant to NRS 604A.480(2)(f). See Banegas v. State Indus. Ins. Sys ., 117 Nev. 222, 229, 19 P.3d 245, 250 (2001) ("[W]ords within a statute must not be read in isolation, and statutes must be construed to give meaning to all of their parts and language within the context of the purpose of the legislation.").
C.
DLC argues that the plain meaning of NRS 604A.480(2) allows for a civil action on the original loan being refinanced or on a new subsection 2 loan because the conditions in subsections 2(a)-(f) serve as conditions precedent for a licensee to offer an extension or repayment loan for a longer term. In making this argument, DLC contends that subsection 2(f) applies to the original loan on which the licensee has not previously sued. We disagree. Such an interpretation would be contrary to the legislative purpose of the statute and would create absurd results as it would incentivize licensees to perpetuate the "debt treadmill" by making additional loans under subsection 2 with a longer term and a much higher interest rate, which the licensee could ultimately enforce by a civil action. See Orion Portfolio, 126 Nev. at 403, 245 P.3d at 531 (stating that statutes should be interpreted so as not to "produce absurd or unreasonable results"). The bar against future civil *35 action on loans made under subsection 2(f) puts an end to the debt treadmill.
We thus reverse the district court's order and remand this matter to the district court to enter a judgment consistent with this opinion.
We concur:
Douglas, C.J.
Cherry, J.
Gibbons, J.
Parraguirre, J.
Stiglich, J.

NRS 29.010 states that
[p]arties to a question in difference, which might be the subject of a civil action, may, without action, agree upon a case containing the facts upon which the controversy depends, and present a submission of the same to any court which should have jurisdiction if an action had been brought. But it must appear, by affidavit, that the controversy is real, and the proceedings in good faith, to determine the rights of the parties. The court shall thereupon hear and determine the case and render judgment thereon, as if an action were pending.

The terms of a new loan under subsection 2 may include an interest rate of "less than 200 percent" and a repayment term of "not less than 150 days." NRS 604A.480(2)(a).