# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK ANTHONY BUTCHER,
Petitioner,
vs.
THE FIFTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
ESMERALDA; AND THE HONORABLE
KIMBERLY A. WANKER, DISTRICT
JUDGE,
Respondents,
and
THE STATE OF NEVADA,
Real Party in Interest.

No. 77814

FILED

OCT 3 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER GRANTING PETITION

This original petition for a writ of mandamus challenges a district court order denying Mark Butcher's motion to amend a judgment of conviction.

In 2014, Butcher entered a guilty plea to open or gross lewdness (a gross misdemeanor). Pursuant to the plea agreement, the State would recommend probation so long as Butcher was eligible for probation following a psychosexual evaluation. And if Butcher successfully completed probation with an honorable discharge and had no further adverse contacts with law enforcement, Butcher would be allowed to withdraw his plea on the gross misdemeanor and instead plead guilty to misdemeanor coercion. Alternatively, if Butcher was not granted probation, he would still be allowed to withdraw his plea on the gross misdemeanor and instead plead guilty to misdemeanor coercion if he had no further adverse contact with law enforcement for a period of three years. Butcher did not complete the psychosexual evaluation and instead was sentenced to 364 days in the

19-44863

Esmeralda County Jail. After three years' trouble-free, Butcher filed a motion to amend the judgment of conviction, seeking to withdraw his plea to open or gross lewdness and plead guilty to misdemeanor coercion. The district court denied the motion because Butcher failed to undergo a psychosexual evaluation.

Butcher filed this petition for a writ of mandamus challenging that decision.[1] A writ of mandamus is available to compel the performance of an act that the law requires as a duty arising from an office, trust, or station, or to control a manifest abuse or an arbitrary or capricious exercise of discretion. NRS 34.160; *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. 927, 931, 267 P.3d 777, 779 (2011); *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). Issuance of an extraordinary writ is purely discretionary. *State Office of the Attorney General v. Justice Court of Las Vegas Township*, 133 Nev. 78, 80, 392 P.3d 170, 172 (2017). Because there is no statute or court rule expressly permitting an appeal from a district court order denying a motion to amend a judgment of conviction and because this matter presents an important and urgent matter involving post-judgment enforcement of a plea bargain, we elect to consider the petition. *See Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008).

The district court denied the motion because Butcher failed to undergo a psychosexual evaluation and thus was not eligible for probation. However, its decision was contrary to the plea agreement, which allowed

---

[1]Butcher alternatively asks for a writ of prohibition. We decline to entertain the petition to that extent because the district court had jurisdiction to consider the motion to amend the judgment of conviction. *Goicoechea v. Fourth Judicial Dist. Court*, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980).

Butcher to trigger the agreement's drop-down provision in either of two ways: (1) successfully completing probation and having no adverse contacts with law enforcement; or (2) if probation was not granted, having no adverse contacts with law enforcement for three years. The plea agreement did not contain any language that would exclude Butcher from the drop-down provision if he did not complete a psychosexual evaluation. Further, this court has long recognized that due process requires a plea bargain be kept, holding the State to "the most meticulous standards of both promise and performance." *Van Buskirk v. State*, 102 Nev. 241, 243, 720 P.2d 1215, 1216 (1986) (quoting *Kluttz v. Warden*, 99 Nev. 681, 683-84, 669 P.2d 244, 245 (1983)).

Although the State concedes that the drop-down provision was triggered in this case, the State argues that the remedy is to allow Butcher to withdraw the guilty plea in its entirety because the district court was not required to follow the plea agreement. We disagree. The documents before this court indicate that Butcher's plea was induced by the drop-down provision. And while the district court initially indicated reluctance to accept the plea negotiations with the stipulation allowing the post-judgment drop-down provision, nothing in the documents before this court indicates that the district court would not follow the stipulation when it accepted Butcher's guilty plea. Butcher fulfilled his end of the bargain and the terms of the plea agreement were met; thus, the proper remedy is enforcement of the drop-down provision. *See Van Buskirk*, 102 Nev. at 244, 720 P.2d at 1216-17 ("Specific enforcement is appropriate when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition that he or she considers unsuitable under all the circumstances."). Thus, the decision to deny the motion to amend the

judgment of conviction was an arbitrary and capricious exercise of discretion. *Armstrong*, 127 Nev. at 931-32, 267 P.3d at 780 (defining a capricious exercise of discretion as being contrary to the evidence or established rules of law). Accordingly, we

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to vacate the conviction for open or gross lewdness (a gross misdemeanor) and enter a conviction for misdemeanor coercion.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:     Hon. Kimberly A. Wanker, District Judge
        Mark Anthony Butcher
        Attorney General/Carson City
        Esmeralda County District Attorney
        Esmeralda County Clerk