IN THE SUPREME COURT OF THE STATE OF NEVADA

TODD MATTHEW PHILLIPS; AND ALI
SHAHROKHI,
Petitioners,
vs.
THE HONORABLE REBECCA
BURTON, DISTRICT JUDGE; THE
HONORABLE CHARLES J. HOSKIN,
DISTRICT JUDGE; THE HONORABLE
DAWN THRONE, DISTRICT JUDGE;
THE HONORABLE VINCENT OCHOA,
DISTRICT JUDGE; THE HONORABLE
MATHEW HARTER, DISTRICT JUDGE;
JON NORHEIM, HEARING MASTER;
AARON D. FORD, NEVADA
ATTORNEY GENERAL; AND STEVEN
B. WOLFSON, CLARK COUNTY
DISTRICT ATTORNEY,
Respondents,
    and
AMBER KORPAK; AND KIZZY
BURROW,
Real Parties in Interest.

No. 84411

FILED

APR 0 6 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING PETITION FOR WRIT OF MANDAMUS, OR, IN
THE ALTERNATIVE, PROHIBITION*

This pro se original petition for a writ of mandamus or

prohibition seeks to prohibit respondents from enforcing family court

22-10761

custodial orders that petitioners assert are void because they result from the family court's determination that petitioners committed domestic violence. Petitioners argue that the family court lacks jurisdiction to make such a determination because petitioners have never been indicted or tried for such crimes by the State of Nevada.

In advancing these arguments, petitioners have failed to demonstrate that they lack an adequate legal remedy by way of appeal and that extraordinary relief is warranted, and we therefore decline to exercise our discretion to entertain this petition. NRS 34.170; NRS 34.330; *Cote H. v. Eighth Judicial Dist. Court*, 124 Nev. 36, 39, 175 P.3d 906, 908 (2008) ("[N]either a writ of prohibition nor a writ of mandamus is appropriate if the petitioner has a plain, speedy and adequate remedy in the ordinary course of law." (internal quotation marks omitted)); *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) ("Petitioners carry the burden of demonstrating that extraordinary relief is warranted."); *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (providing that writ relief is purely discretionary).

It is well established that an appeal is generally an adequate remedy precluding writ relief. *Pan* at 224, 88 P.3d at 841. Moreover, even when an appeal is not immediately available because the challenged order is interlocutory in nature, the fact that the order may ultimately be challenged on appeal from a final judgment generally precludes writ relief: "[m]andamus is also not available when the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law, and the opportunity to appeal a final judgment typically provides an adequate legal remedy." *Williams v. Eighth Judicial Dist. Court*, 127 Nev. 518, 524, 262 P.3d 360,

(O) 1947A

364 (2011) (internal quotation marks and citations omitted). Accordingly, we

ORDER the petition DENIED.[1]

_____, C.J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

cc: Hon. Charles J. Hoskin, District Judge, Family Court Division
Hon. Dawn Throne, District Judge, Family Court Division
Hon. Mathew Harter, District Judge
Hon. Rebecca Burton, District Judge, Family Court Division
Hon. Vincent Ochoa, District Judge
Ali Shahrokhi
Todd Matthew Phillips
Hutchison & Steffen, LLC/Las Vegas
Eighth District Court Clerk

_____

[1]Petitioners' emergency motion for stay under NRAP 27(e), filed on March 28, 2022, and opposed by real party in interest Amber Phillips, nka Amber Korpak, on April 4, 2022, is therefore denied as moot.