DESERT VALLEY WATER CO., (ROGER HOCKERSMITH DBA, DESERT VALLEY WATER CO.), APPELLANT, v. STATE OF NEVADA, PETER G. MORROS, STATE ENGINEER, RESPONDENTS.

No. 17543

December 21, 1988                                766 P.2d 886

E. A. Hollingsworth, Reno, for Appellant.

---

[8]THE HONORABLE CLIFF YOUNG, Justice, voluntarily disqualified himself from consideration of this appeal.

*Brian McKay,* Attorney General, Carson City, and *George Benesch,* Deputy Attorney General, Carson City, for Respondents.

## OPINION

*Per Curiam:*

On May 6, 1977, appellant Desert Valley Water Co. (Desert Valley) filed twenty-one applications with the office of the state engineer, seeking the use of underground water in the Tonopah area. There were no protests filed against these applications. The state engineer considered the applications, but denied all of them on December 19, 1985 as adversely affecting existing rights and detrimental to the public interest and welfare. NRS 533.370(3).

Desert Valley appealed this decision to the district court, filing its appeal and noticing the state engineer within thirty days of the denial as required by statute. NRS 533.450(1),(3).[1] No other persons or entities were served with notice. The state engineer moved to dismiss the appeal, asserting that the failure to serve notice upon persons affected by the denial prevented the district court from obtaining jurisdiction over the appeal. The district court agreed, and dismissed the appeal for lack of jurisdiction. In our opinion, the district court misconstrued the statute; therefore, we reverse its order.

----

[1]. Any person feeling himself aggrieved by any order or decision of the state engineer, acting in person or through his assistants or the water commissioner, affecting his interests, when such order or decision relates to the administration of determined rights or is made pursuant to NRS 533.270 to 533.445, inclusive, may have the same reviewed by a proceeding for that purpose. . . . Such order or decision of the state engineer shall be and remain in full force and effect unless proceedings to review the same are commenced in the proper court within 30 days following the rendition of the order or decision in question and notice thereof is given to the state engineer as provided in subsection 3.

. . .

3. No such proceedings may be entertained unless notice thereof, containing a statement of the substance of the order or decision complained of, and of the manner in which the same injuriously affects the petitioner's interests, has been served upon the state engineer, personally or by registered or certified mail, at his office at the state capitol within 30 days following the rendition of the order or decision in question. A similar notice shall also be served personally or by registered or certified mail upon the person or persons who may have been affected by such order or decision.

When interpreting a statute, we resolve any doubt as to legislative intent in favor of what is reasonable, as against what is unreasonable. Cragun v. Nevada Pub. Employees' Ret. Bd., 92 Nev. 202, 547 P.2d 1356 (1976). The words of the statute should be construed in light of the policy and spirit of the law, and the interpretation made should avoid absurd results. Welfare Div. v. Washoe Co. Welfare Dep't, 88 Nev. 635, 503 P.2d 457 (1972).

The State has argued that NRS 533.450(3) prevents the district court from hearing an appeal unless every person affected by the state engineer's order or decision is served with notice within the thirty-day limitations period. We disagree. In the broadest sense, a decision concerning the allocation of water affects every citizen of Nevada. In a populous area, such as Clark County, many thousands of citizens are potentially affected by the grant or denial of an application for water. Requiring notice to all such persons would impose a burden on the appellant which might be impossible to overcome.

A fair reading of NRS 533.450 does not support respondents' assertion that such a burdensome notice requirement must be met simply to allow the exercise of jurisdiction. First, we note that the legislature used "shall" and not "must" when referring to notice upon "person or persons who may have been affected." NRS 533.450(3). Second, NRS 533.450(2)[2] provides that proceedings shall be informal, allowing participants a full opportunity to be heard. Third, NRS 533.450(7)[3] provides that the rules of civil procedure apply to judicial review of water decisions. NRCP 21 specifically states that misjoinder of parties is *not* grounds for a dismissal. Furthermore, we have already held that the failure to provide the additional notice required by NRS 533.450(3) is a technical defect which may not affect the substantial rights of the parties. State Engineer v. American Nat'l Ins. Co., 88 Nev. 424, 426 n.1, 498 P.2d 1329, 1330 n.1 (1972). We are not persuaded that substantial rights necessarily have been affected by appellant's failure to serve additional notice in this case.

We conclude that timely notice to the state engineer satisfies the jurisdictional requirement. Notice should also be served, at a minimum, upon those parties who have participated in the proceedings.[4] In this case, no protests were filed against Desert

---

[2]. The proceedings in every case shall be heard by the court, and shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced.

[3]. The practice in civil cases applies to the informal and summary character of such proceedings, as provided in this section.

[4]Wyoming requires notice to "[a]ll parties directly interested in the appeal, and those who claim an adverse interest. . . ." Wyo. Stat. § 41-5-517 (1977). Oregon requires notice to the state agency and parties of record in the agency proceeding. Or. Rev. Stat. § 183.482(2) (1987). Nevada patterned its

Valley's applications, and no one appeared to claim an adverse interest during the proceedings. Desert Valley met the jurisdictional requirements of the statute when it timely served a copy of its appeal on the state engineer.

We recognize that the district court, in reviewing the state engineer's decision, has the authority to affect the rights of many water users within the system. Ormsby County v. Kearney, 37 Nev. 314, 142 P. 803 (1914). The district court may therefore order that other parties be joined in the action. NRCP 19(a). Notice to persons or entities who might be affected by the decision and their ensuing participation in the proceedings should be encouraged. The addition of parties, however, better serves the purposes of the appeal statute than outright dismissal. Appellant should not be completely foreclosed from exercising its appeal rights merely because of failure to include all persons who might possibly have been affected by the state engineer's decision.

We hereby reverse the order of the district court, and remand the matter for further proceedings in accordance with this opinion.

---

water law after that of Wyoming and Oregon; however, the legislature did not adopt the specific language of the notice requirements. See R. Clark, Waters and Water Rights, § 23.2 (1984).