HAROLD WAYNE OAKLEY, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 19776

November 27, 1989                     782 P.2d 1321

*Frank J. Cremen,* Las Vegas, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, *James Tufteland,* Chief Deputy District Attorney, and *Pandora Rider,* Deputy District Attorney, Clark County, for Respondent.

**OPINION**

*Per Curiam:*

Appellant Harold Wayne Oakley (Oakley) was convicted on one of two counts charging unlawful sale of a motor vehicle. The conviction stemmed from the resale by Oakley of a 1980 Chevrolet Monte Carlo (the Chevy). We hold that appellant was the vehicle owner for purposes of NRS 482.547 and reverse his conviction.

Oakley traded a Chevrolet Corvette to a Las Vegas dealership for several used cars, one of which was the Chevy. Oakley did not immediately acquire a title document to the Chevy and testified that his acquisition of the car was conditioned upon the dealership providing him with one. Before receiving the title, Oakley arranged to sell the Chevy to Michael Haws. Haws made a series of payments to Oakley, and when the final payment was made, Oakley had obtained and thus provided Haws with an open title to the Chevy. The Chevy would not pass an emissions control test and Haws ultimately filed a complaint with the Department of Motor Vehicles. The DMV's investigation led to Oakley's arrest and subsequent conviction.

Oakley was charged with violating NRS 482.547, which states in pertinent part:

> 1. It is unlawful for any person to sell, offer to sell or display for sale any vehicle unless the person is:
>
> (a) The lienholder, *owner or registered owner* of the vehicle;
>
> (b) A repossessor of the vehicle, or holder of a statutory lien on the vehicle, selling the vehicle on a bid basis; or
>
> (c) A manufacturer, distributor, rebuilder, lessor or dealer licensed under the provisions of this chapter.

(Emphasis added.)

NRS 482.085 defines owner for purposes of chapter 482 as follows:

> "Owner" means a person who holds the legal title of a vehicle and whose name appears on the certificate of ownership, and any lienholder whose name appears on the certificate of ownership. If a vehicle is the subject of an agreement

for the conditional sale or lease thereof with or without the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or if a mortgagor of a vehicle is entitled to possession, then the conditional vendee or lessee or mortgagor shall be deemed the owner for the purpose of this chapter.

At trial, Oakley did not contend that he was a lienholder, repossessor or a manufacturer, distributor, rebuilder, lessor or dealer as those terms are used in NRS 482.547. Nor did Oakley contend that his name appeared on the Chevy's title certificate. However, Oakley did contend he was a conditional vendee and that he thus fell within the definition of owner provided by NRS 482.085.

The trial court found that the evidence did not establish a conditional sale and convicted Oakley. We interpret the lower court's ruling to mean that, at the time Oakley sold the Chevy to Haws, Oakley had fulfilled all conditions, if any, relating to his own purchase of the Chevy and was therefore not a conditional vendee.

The State has urged that the purpose behind the relevant motor vehicle statutes is the State's need to determine the legal owner of a vehicle based on appropriate documentation. Thus, the requirement that the owner's name appear on the title certificate. The State also argues that NRS 482.085 creates one exception to the basic definition of owner; the exception being the conditional vendee.

This court has previously stated that: "When interpreting a statute, we resolve any doubt as to legislative intent in favor of what is reasonable, as against what is unreasonable." Desert Valley Water Co. v. State Engineer, 104 Nev. 718, 720, 766 P.2d 886 (1988), citing Cragun v. Nevada Pub. Employees' Ret. Bd., 92 Nev. 202, 547 P.2d 1356 (1976). In Desert Valley we also reiterated that: "The words of the statute should be construed in light of the policy and spirit of the law, and the interpretation made should avoid absurd results." Desert Valley Water Co. v. State Engineer, 104 Nev. at 720, 766 P.2d at 887, citing Welfare Div. v. Washoe County Welfare Dep't, 88 Nev. 635, 503 P.2d 457 (1972).

We interpret the policy behind the above cited statutes to be the prevention of vehicle sales by anyone other than the actual owner, or a lienholder, repossessor, manufacturer, distributor, rebuilder, lessor or dealer. A reading of the statutes suggests that one is an owner if he owes all or part of a vehicle's purchase price. However, if the buyer resells the vehicle after all conditions of his

purchase agreement have been fulfilled, but prior to the State issuing a title certificate bearing his name, the statutes deem him not an owner and a felony violation results. We fail to see how a buyer loses his status as owner upon fulfillment of his purchase agreement obligations. Such a narrow reading of NRS 482.085 and 482.547 leads to an absurd result. We therefore decline to adopt it. Desert Valley Water Co. v. State Engineer, 104 Nev. 718, 766 P.2d 886 (1988).

For the reasons stated above, we reverse the district court's judgment of conviction.