OPINION
 

 Per Curiam:
 

 On October 17, 1994, appellant filed in the district court a post-conviction petition for a writ of habeas corpus. On November 1, 1994, the district court summarily denied appellant’s petition. This appeal followed.
 

 In his petition, appellant stated that he is serving a sentence of “life with the possibility of parole three counts running concurrent as habitual criminal.” Appellant further stated that he filed his petition as a challenge to the computation and application of good time credits to his sentence. Finally, appellant argued that “NRS 209.446 mandates that the total good time made must be
 
 *1285
 
 deducted from the maximum term imposed by the sentence. [Appellant] is not receiving these deductions as mandated by NRS 209.446.”
 

 In denying appellant’s petition, the district court stated that it could not determine a basis upon which it could grant the relief sought because appellant did not provide the court with sufficient facts concerning the time, nature or current disposition of his sentence. Our review of the record on appeal reveals that the district court did not err in denying appellant’s petition. First, appellant did not provide the district court with sufficient information concerning his judgment of conviction and sentence. Next, it appears that appellant is arguing that good time credits should be applied to his sentence of life in prison with the possibility of parole. NRS 209.446(6)(a) provides that good time credit “[m]ust be deducted from the maximum term imposed by the sentence.” Because appellant was sentenced to a term of life in prison, there is no date from which the credit can be deducted.
 

 The statute does not provide any guidance as to the application of good time credit to a sentence of life in prison. When interpreting a statute, this court resolves any doubt as to legislative intent in favor of what is reasonable, and against what is unreasonable. Oakley v. State, 105 Nev. 700, 702, 782 P.2d 1321, 1322 (1989). A statute should be construed in light of the policy and the spirit of the law, and the interpretation should avoid absurd results.
 
 Id.
 
 In construing the legislative intent of NRS 209.446, we conclude that the legislature did not intend good time credit to be applied to a sentence of life in prison. However, respondent should continue to record good time credit for those inmates who receive a sentence of life in prison because that sentence may later be modified pursuant to NRS 176.033(2). Respondent is not obligated to apply good time credit to appellant’s sentence of life in prison.
 

 Having reviewed the record on appeal, and for the reasons set forth above, we conclude that appellant cannot demonstrate error in this appeal, and that briefing and oral argument are unwarranted.
 
 See
 
 Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975),
 
 cert. denied,
 
 423 U.S. 1077 (1976).
 

 Accordingly, we affirm the order of the district court.