95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lou BOYER, Petitioner-Appellant,
v.
John IGNACIO; Frankie Sue Del Papa, Attorney General of the
State of Nevada, Respondents-Appellees.
 No. 96-15199.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 26, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lou Boyer, a Nevada state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995). We affirm.
 
 
 3
 Generally, a federal court will consider the merits of a state prisoner's habeas corpus petition only after the prisoner has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 515 (1982); see also Crotts v. Smith, 73 F.3d 861, 865 (9th Cir.1996). To satisfy the exhaustion requirement, a state prisoner must first raise his federal claims to the highest state court before presenting them to federal court. Duncan v. Henry, 115 S.Ct. 887, 888 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275 (1971). Although exhaustion is favored, lack of exhaustion is not an absolute bar to appellate consideration of a petitioner's claims. Granberry v. Greer, 481 U.S. 129, 131 (1987). Appellate courts have the discretion to address the merits of unexhausted claims when appropriate. See id. at 132-33.
 
 
 4
 Here, Boyer's amended petition in the district court raised a single claim; Boyer contended that Nev.Rev.Stat. § 209.443 violated the Equal Protection Clause of the United States Constitution. The district court characterized Boyer's claim as a federal Due Process Clause claim and rejected his claim on that basis. The State contends that the due process claim remains unexhausted, but also contends that this claim is meritless. Boyer seeks review of both his due process and equal protection claims.
 
 
 5
 Here, Boyer's due process claim is without merit. In interpreting its law with respect to good time credits, the Nevada Supreme Court has held that its legislature never intended Nev.Rev.Stat. § 209.446(6)(a) to be applied to sentences of life in prison. See Hunt v. Warden, 903 P.2d 826 (1996). As there is no state created liberty interest in good time credits for those sentenced to life in prison, Boyer's due process claim fails. See Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir.1989) (look to state court's interpretation of the interest to determine whether due process right was created). Moreover, Boyer's due process claim fails inasmuch as he failed to demonstrate that the Nevada good time credit statutes were fundamentally unfair. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986).
 
 
 6
 Finally, Boyer's claim that the Nevada statute violated his right to equal protection is without merit. This classification is based on real differences and is not arbitrary. Therefore, the district court correctly denied Boyer's petition. See Granberry, 481 U.S. at 131.
 
 
 7
 Because we vacate and remand the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3