**134 Nev., Advance Opinion 37**

IN THE SUPREME COURT OF THE STATE OF NEVADA

EUREKA COUNTY; DIAMOND
NATURAL RESOURCES PROTECTION
& CONSERVATION ASSOCIATION;
JASON KING, P.E., NEVADA STATE
ENGINEER, DIVISION OF WATER
RESOURCES, DEPARTMENT OF
CONSERVATION AND NATURAL
RESOURCES; BAUMANN FAMILY
TRUST; BURNHAM FARMS, LLC;
GALEN BYLER; MARIAN BYLER;
CONLEY LAND & LIVESTOCK, LLC;
DAMELE FARMS, INC.; DIAMOND
VALLEY HAY COMPANY, INC.; FRED
L. ETCHEGARAY; JOHN J.
ETCHEGARAY; MARY JEAN
ETCHEGARAY; LW & MJ
ETCHEGARAY FAMILY TRUST;
EUREKA MANAGEMENT CO., INC.;
GALLAGHER FARMS LLC; JAYME L.
HALPIN; SANDI HALPIN; TIM
HALPIN; HIGH DESERT HAY, LLC;
J&T FARMS, LLC; J.W.L.
PROPERTIES, LLC; MARK MOYLE
FARMS LLC; J.R. MARTIN TRUST;
CHERYL MORRISON; MATT
MORRISON; DEBRA L. NEWTON;
WILLIAM H. NORTON; PATRICIA
NORTON; D.F. & E.M. PALMORE
FAMILY TRUST; STEWARDSHIP
FARMING, LLC; SCOTT BELL;
KRISTINA BELL; DON BERGNER;
LINDA BERGNER; JAMES
ETCHEVERRY; MICHEL AND
MARGARET ANN ETCHEVERRY
FAMILY LIMITED PARTNERSHIP;
MARK T. AND JENNIFER R.
ETCHEVERRY FAMILY TRUST;
MARTIN P. AND KATHLEEN A.

No. 72317

FILED

MAY 17 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

18-18822

ETCHEVERRY FAMILY TRUST;
LAVON MILLER; KRISTI MILLER;
LYNFORD MILLER; SUSAN MILLER;
ALBERTA MORRISON; AND DONALD
MORRISON,
Petitioners,
vs.
THE SEVENTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
EUREKA; AND THE HONORABLE
GARY FAIRMAN, DISTRICT JUDGE,
Respondents,
    and
SADLER RANCH, LLC; ROGER
ALLEN; AND JUDITH ALLEN,
Real Parties in Interest.

Original petition for a writ of prohibition, or in the alternative, certiorari or mandamus, in a water law action.

*Petition granted.*

Theodore Beutel, District Attorney, Eureka County; Allison MacKenzie, Ltd., and Karen A. Peterson and Willis M. Wagner, Carson City,
for Petitioner Eureka County.

Adam Paul Laxalt, Attorney General, and Justina A. Caviglia, Deputy Attorney General, Carson City,
for Petitioner Jason King, P.E.

McDonald Carano LLP and Debbie A. Leonard and Michael A. T. Pagni, Reno,
for Petitioners.

Parsons Behle & Latimer and Robert W. Marshall and Gregory H. Morrison, Reno,
for Real Parties in Interest Roger Allen and Judith Allen.

 

Taggart & Taggart, Ltd., and David H. Rigdon, Paul G. Taggart, and Rachel L. Wise, Carson City,
for Real Party in Interest Sadler Ranch, LLC.

---

BEFORE HARDESTY, PARRAGUIRRE and STIGLICH, JJ.

*OPINION*

By the Court, HARDESTY, J.:

Water in Diamond Valley, Nevada, is over-appropriated and has been pumped at a rate exceeding its perennial yield for over four decades. In 2014, the Office of the State Engineer found that groundwater levels in southern Diamond Valley had fallen over 100 feet. A vested, senior water rights holder has asked the district court to order the State Engineer to curtail junior water rights in the Diamond Valley Hydrographic Basin No. 153 (Diamond Valley). In this writ proceeding, we must determine whether junior water rights holders are entitled to notice of and an opportunity to participate in the district court's consideration of this curtailment request. Because the district court's consideration of the matter at the upcoming show cause hearing could potentially result in the initiation of curtailment proceedings, we conclude that due process requires junior water rights holders in Diamond Valley be given notice and an opportunity to be heard.

 

## FACTS AND PROCEDURAL HISTORY

Real party in interest Sadler Ranch purchased its real property and water rights in Diamond Valley in September 2011. The acquired ranch was established in the mid-19th century, and thus, Sadler Ranch claims to be a pre-statutory, vested, senior water rights holder in Diamond Valley. Of the two major springs on Sadler Ranch's property, one has noticeably diminished in flow and the other has stopped flowing completely.

In 2014, Sadler Ranch petitioned the State Engineer for replacement water to offset the loss from its springs but was ultimately awarded a fraction of the volume of water it requested. Dissatisfied with the State Engineer's replacement water award, Sadler Ranch petitioned the district court in April 2015 to order the State Engineer to initiate curtailment proceedings regarding junior water rights in Diamond Valley and to reimburse Sadler Ranch for damage to its senior water rights. The district court subsequently allowed dozens of parties to intervene in the litigation, including petitioners Eureka County and Diamond Natural Resources Protections & Conservation (collectively, Eureka County) and all of the other petitioners listed in the instant petition. The State Engineer then proposed to designate Diamond Valley as a critical management area (CMA).[1] Sadler Ranch moved to stay the proceedings pending the outcome of the State Engineer's action, which the district court granted. In August 2015, the State Engineer officially designated Diamond Valley as a CMA pursuant to his authority under NRS 534.110(7)(a).

---

[1]A CMA is a "basin in which withdrawals of groundwater consistently exceed the perennial yield of the basin." NRS 534.110(7)(a). A basin must be designated a CMA for at least 10 consecutive years before the State Engineer is required to curtail withdrawals in that basin. NRS 534.110(7).

 

After determining that the State Engineer's CMA designation was not going to help its water dispute, Sadler Ranch filed an amended petition for curtailment. In its amended petition, Sadler Ranch requested the district court to either (1) direct the State Engineer to begin curtailment proceedings, or (2) issue an order curtailing pumping based on the State Engineer's knowing and intentional refusal to follow Nevada law. The district court entered an order granting in part and denying in part the State Engineer's motion to dismiss, finding that Sadler Ranch's amended petition pleaded sufficient facts to conclude that the State Engineer's failure to order curtailment was an abuse of his discretion. The same day, the district court entered an alternative writ of mandamus directing the State Engineer to begin curtailment proceedings or show cause why the State Engineer has not done so.

In August 2016, the State Engineer filed a motion arguing that Sadler Ranch must provide notice to all Diamond Valley appropriators who may be affected by the district court's decision at the upcoming show cause hearing. Eureka County joined in the motion. Sadler Ranch opposed the motion, arguing that the upcoming hearing to show cause would not result in a final order of curtailment that requires notice and that the State Engineer was the proper party to give notice to Diamond Valley appropriators because he maintains the records of water rights holders.

In October 2016, the district court denied the State Engineer's motion. The district court reasoned that even if it ordered curtailment at the upcoming show cause hearing, "the 'how' and 'who' of curtailment could not be decided until a future proceeding." The district court concluded that due process was not required until that future proceeding. The district court also reasoned that any potential unnotified parties were already

adequately represented by the diverse interests of the dozens of interveners and, because NRCP 24 prevents parties from intervening in an action when their interests are already adequately represented, it would be illogical to notify parties of a proceeding they cannot then join.

Eureka County subsequently filed a motion for reconsideration and was joined by the State Engineer. The district court denied Eureka County's motion to reconsider, again finding that unnotified appropriators were already adequately represented and that due process had not attached because the upcoming show cause hearing would not curtail any specific parties' rights. In February 2017, Eureka County filed the instant writ petition.

## DISCUSSION

### The writ petition should be entertained

"This court has original jurisdiction to issue writs of mandamus and prohibition." *MountainView Hosp., Inc. v. Eighth Judicial Dist. Court,* 128 Nev. 180, 184, 273 P.3d 861, 864 (2012); *see* Nev. Const. art. 6, § 4. "A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, or to control a manifest abuse or an arbitrary or capricious exercise of discretion." *Cote H. v. Eighth Judicial Dist. Court,* 124 Nev. 36, 39, 175 P.3d 906, 907-08 (2008) (internal quotation marks and alterations omitted). Because a writ petition seeks an extraordinary remedy, this court has discretion whether to consider such a petition. *Cheung v. Eighth Judicial Dist. Court,* 121 Nev. 867, 869, 124 P.3d 550, 552 (2005).

Generally, extraordinary writ relief is only available where there is no "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court,* 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). However, we have previously

 

stated that "[w]hile an appeal generally constitutes an adequate and speedy remedy precluding writ relief, we have, nonetheless, exercised our discretion to intervene under circumstances of urgency or strong necessity, or when an important issue of law needs clarification and sound judicial economy and administration favor the granting of the petition." *Nev. Yellow Cab Corp. v. Eighth Judicial Dist. Court*, 132 Nev., Adv. Op. 77, 383 P.3d 246, 248 (2016) (*quoting Cote H.*, 124 Nev. at 39, 175 P.3d at 907-08).

We choose to entertain the instant writ petition as one for mandamus since it appears the district court arbitrarily and capriciously exercised its discretion by denying the State Engineer's motion.[2] *See Cote H.*, 124 Nev. at 39, 175 P.3d at 908. The parties do not dispute the district court's contention that at some point in the proceedings due process will attach but dispute when due process must be provided for junior water rights holders. Judicial economy favors answering the due process question now rather than on appeal after the hearings are held. Additionally, even though there is only one basin in Nevada currently designated as a CMA, there are a number of other basins that are currently over-appropriated and may require curtailment proceedings in the future. Thus, addressing the due process concerns now will clarify the notice requirements in water rights curtailment actions.

*Due process requires notice be given to all junior water rights holders*

We review constitutional challenges de novo, including a violation of due process rights challenge. *Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879 (2007). The Nevada Constitution protects against

---

[2]Because we entertain this writ petition as one for mandamus, we deny petitioners' alternative requests for a writ of prohibition and a writ of certiorari.

the deprivation of property without due process of law. Nev. Const. art. 1, § 8(5). Procedural due process requires that parties receive "notice and an opportunity to be heard." *Callie*, 123 Nev. at 183, 160 P.3d at 879 (internal quotation marks omitted). In Nevada, water rights are "regarded and protected as real property." *Application of Filippini*, 66 Nev. 17, 21-22, 202 P.2d 535, 537 (1949).

In the lower court proceedings, Eureka County, the State Engineer, Sadler Ranch, and the district court all agreed that water rights are property rights protected by due process. The dispute concerns *when* due process rights attach and at what stage in the proceedings notice must be given. Eureka County characterizes the upcoming show cause hearing as the decision on whether curtailment should begin. The State Engineer argues that because Nevada has a strict priority system for water rights, the "who" is already determined by the priority date once the court determines whether to curtail. Eureka County agrees that not every Diamond Valley appropriator will be affected by the possible curtailment, but it maintains that junior appropriators below the cutoff date will certainly be affected, and some will have been notified after their only meaningful opportunity to protect their rights has passed.

Sadler Ranch argues that notice is not required because, even if Sadler Ranch is successful at the upcoming show cause hearing, the result would merely be the initiation of more detailed proceedings, at which point due process will be required. The district court agreed with Sadler Ranch's characterization, stating that due process will only attach when the court is faced with the later decisions regarding the specific "'how' and 'who' of curtailment."

We hold that in order to comply with constitutional due process, notice to junior water rights holders is required before the upcoming show cause hearing. The district court characterizes the show cause hearing as merely determining whether future proceedings are required. However, in its show cause order, the district court directed that:

> immediately upon receipt of this writ, the State Engineer begin the required proceedings to order curtailment of pumping in Diamond Valley on the basis of priority of right, or, that you show cause why you have not done so and why this Court should not order you to begin the required proceedings to order curtailment and why this Court should not order curtailment of pumping in Diamond Valley.

Based on the language of the order, it appears that one possible outcome of the show cause hearing is a judicial determination forcing curtailment to begin.

In the district court's subsequent order denying Eureka County's motion for reconsideration, it clarified the scope of the show cause hearing, stating that it would be

> limited to the issue of whether the State Engineer's alleged failure to take the discretionary action of initiating curtailment in Diamond Valley is a manifest abuse of discretion or an arbitrary and capricious exercise of discretion supporting this Court's alternate writ of mandamus . . . .

Under Saddler Ranch's argument, junior water rights holders do not need to be involved in this limited hearing. We disagree. Junior water rights holders should be permitted to challenge whether the State Engineer's failure to initiate curtailment was an abuse of discretion and thus, whether curtailment is required. Any junior water rights holders notified after that decision will only be able to argue that the curtailment cutoff date should

SUPREME COURT
OF
NEVADA

(O) 1947A

be below their priority level, rather than arguing for a solution other than curtailment at all. We conclude that such limitation is inappropriate.

The district court appears to be taking a "wait and see" approach to the notice issue because there is a possibility curtailment may not be ordered at the upcoming hearing, and thus, the expense and delay of providing notice would have been unnecessary. However, because the language in the show cause order indicates that the district court may enter an order forcing curtailment to begin, junior water rights holders must be given an opportunity to make their case for or against the option of curtailment. Notice must be given at an appropriate stage in the proceedings to give parties meaningful input in the adjudication of their rights. *Hamdi v. Rumsfeld*, 542 U.S. 507, 533 (2004) ("It is equally fundamental that the right to notice and an opportunity to be heard must be granted at a meaningful time and in a meaningful manner." (*quoting Fuentes v. Shevin*, 407 U.S. 67, 80 (1972) (other quotation marks and citations omitted))). Thus, junior water rights holders must be notified before the curtailment decision is made, even if the specific "how" and "who" of curtailment is decided in a future proceeding. As to the district court's determination that the junior water rights holders' interests were already adequately represented, we conclude that real property rights, including water rights, are unique forms of property and those with an ownership interest cannot be adequately represented by others. *See Dixon v. Thatcher*, 103 Nev. 414, 416, 742 P.2d 1029, 1030 (1987) (holding that "real property and its attributes are considered unique").

The district court expressly relied on *Desert Valley Water Co. v. State*, 104 Nev. 718, 766 P.2d 886 (1988), in drawing its conclusion that notice need not be given at this stage in the proceedings. *Desert Valley* dealt

SUPREME COURT
OF
NEVADA

(O) 1947A

with the State Engineer's denial of a company's numerous applications to pump underground water. *Id.* at 719, 766 P.2d at 886. The company appealed the State Engineer's decision to the district court and noticed the State Engineer pursuant to NRS 533.450. *Id.* The district court dismissed the appeal because the company failed to provide notice to other persons or entities affected by the State Engineer's denial of the applications as required by the statute. *Id.* We reversed the district court, stating that "a decision concerning the allocation of water affects every citizen of Nevada" and that notice only needed to be served "at a minimum, upon those parties who have participated in the proceedings." *Id.* at 720, 766 P.2d at 887.

The district court's reliance on *Desert Valley* is misplaced because that case dealt with providing notice of an appeal, as required by statute, rather than notice required by due process prior to the deprivation of a property right. The appeal concerned the denial of one company's applications to pump water, which is not a vested right, and thus, this court's comments on the required notice for such an appeal are inapplicable to the instant petition, which involves the possibility that parties may have their existing water rights curtailed. Thus, here, the district court's exercise of its discretion to deny the junior water rights holders their due process rights to notice and the opportunity to be heard at the upcoming show cause hearing was arbitrary and capricious. *See Cote H.*, 124 Nev. at 39, 175 P.3d at 908; *Hamdi*, 542 U.S. at 533.

Additionally, real parties in interest Roger and Judith Allen argue that the upcoming show cause hearing will only determine a "pure question of law . . . regarding how and when the State Engineer must address overpumping, if at all," and involving every junior water rights holder in the litigation is unnecessary as it will not help resolve that

question. The Allens argue that petitioners have failed to identify any question of fact at issue that would impact the question of whether curtailment is required, and allowing hundreds of potential litigants to participate in the proceedings will not help the district court decide how to apply Nevada water law to the underlying facts of the case. However, we conclude that all Diamond Valley water rights holders should be given notice of the upcoming show cause hearing regardless of whether the district court is deciding only a "pure question of law." Further, the district court's order setting the hearing suggests some factual questions may be considered. As described above, the language of the show cause order leaves open the possibility that the district court will order curtailment proceedings, thus affecting unnotified parties' property rights. Despite determining questions of law, the district court is still allowing evidentiary hearings, and for that reason, we conclude that unnotified water rights holders must be allowed to present their arguments and evidence as well.

Finally, Sadler Ranch argues that Eureka County's writ petition is just a tactic to delay curtailment. Sadler Ranch contends that because of the State Engineer's past delays and continued failure to correct the water situation, Sadler Ranch's wells are drying up, which impairs Sadler Ranch's water rights without due process. However, Sadler Ranch acknowledges that at some point in future proceedings, the district court will require all Diamond Valley water rights holders to be given notice. It does not appear unduly burdensome to give notice now rather than at a less meaningful time in future proceedings. Notice will still have to be given

 

before water rights are curtailed, whether now or before a future proceeding.[3]

## CONCLUSION

Because the upcoming show cause hearing may result in a court order to begin curtailment proceedings, resulting in possible deprivation of property rights, due process requires junior water rights holders in Diamond Valley to be given notice and an opportunity to be heard before the district court conducts the hearing. Therefore, we grant the petition and direct the clerk of this court to issue a writ of mandamus vacating the district court's order denying the State Engineer's motion for Sadler Ranch to provide notice to all affected appropriators in Diamond Valley and direct the district court to enter an order requiring that notice be provided to all junior water rights holders in Diamond Valley prior to any show cause hearing being conducted in the district court.

_____, J.
Hardesty

We concur:

_____, J.
Parraguirre

_____, J.
Stiglich

---

[3]Based on our disposition, we decline to address petitioners' arguments concerning the interpretation of NRS 534.110 and real parties in interest's unclean hands arguments. Both are more appropriately vetted in the district court during the upcoming hearings.