**136 Nev., Advance Opinion 18**

IN THE SUPREME COURT OF THE STATE OF NEVADA

---

MELISSA CUMMINGS,
Appellant,
vs.
ANNABEL E. BARBER, M.D.,
INDIVIDUALLY; AND UNIVERSITY
MEDICAL CENTER, A NEVADA
ENTITY,
Respondents.

No. 76972

FILED

APR 02 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

Appeal from a district court order granting summary judgment in a medical malpractice action. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge.

*Reversed and remanded.*

Kirk T. Kennedy, Las Vegas,
for Appellant.

Carroll, Kelly, Trotter, Franzen, McBride & Peabody and Heather S. Hall and Robert C. McBride, Las Vegas,
for Respondent Annabel E. Barber, M.D.

Pitegoff Law Office Inc. and Jeffrey I. Pitegoff, Las Vegas,
for Respondent University Medical Center.

---

BEFORE PARRAGUIRRE, HARDESTY and CADISH, JJ.

SUPREME COURT
OF
NEVADA

(O) 1947A

20-12559

*OPINION*

By the Court, CADISH, J.:

Nevada's res ipsa loquitur statute carves out factual circumstances where a plaintiff need not present expert testimony to establish negligence in a medical malpractice case. Central to this appeal is NRS 41A.100(1)(a), which carves out one such exception where a foreign substance is unintentionally left inside a patient's body following surgery. Here, we consider whether NRS 41A.100(1)(a) applies where a surgeon fails to remove a foreign object that was implanted and left inside a patient's body during a *previous* surgery. We conclude that although NRS 41A.100(1) generally applies only to objects left in the patient's body during the at-issue surgery, it can also apply in cases where, as here, the sole purpose of the at-issue surgery is to remove medical devices and related hardware implanted during a previous surgery. We therefore reverse the district court's summary judgment, which was based on an erroneous conclusion that NRS 41A.100(1)(a) did not apply as a matter of law.

*FACTS*

In September 2013, Dr. Annabel E. Barber implanted a gastric stimulator into Melissa Cummings's stomach to help with gastroparesis. Dr. Barber surgically removed the gastric stimulator in June 2014 but did not remove some surgical clips and wire fragments associated with it.[1] Cummings sued Dr. Barber and University Medical Center (UMC) for medical malpractice. She alleged that Dr. Barber and UMC breached the

_____

[1]Cummings did not discover the wire fragments until 2017 when a surgeon performing an appendectomy found and removed them without difficulty. Thus, her original complaint does not expressly reference the wires.

 

professional standard of care by overlooking or unintentionally leaving surgical clips in her body following the June 2014 surgery.

Cummings did not attach a medical expert affidavit to her complaint and instead relied on NRS 41A.100(1), Nevada's res ipsa loquitur provision. Under NRS 41A.100(1)(a), medical expert testimony "is not required and a rebuttable presumption that the personal injury or death was caused by negligence arises where evidence is presented that . . . [a] foreign substance . . . was unintentionally left within the body of a patient following surgery."

After filing her answer, Dr. Barber disclosed that she had retained Dr. Andrew Warshaw, an expert witness, to testify at trial about the standard of care. She provided Dr. Warshaw's expert report, in which he explained that the foreign objects in Cummings's stomach were wire fragments, not surgical clips, and that leaving them inside Cummings's stomach was not negligent.[2] Cummings did not retain an expert to refute Dr. Warshaw's testimony, prompting Dr. Barber to move for summary judgment.[3]

---

[2]Relevant here is Dr. Warshaw's explanation:

> The residual wire fragments are innocent, probably forever encapsulated in fibrous tissue. They are most definitely not the cause of any pain. Removal, should it be attempted, would be complex, difficult, invasive and serve no useful purpose.

> I find no basis whatsoever for the complaint that clips (or wires) left behind after the 6/6/2014 operation are causing pain or that their presence is evidence of negligence by the surgeon, Dr. Barber.

[3]UMC joined Dr. Barber's motion for summary judgment.

In her motion, Dr. Barber argued that she *intentionally* left the surgical clips and wire fragments in Cummings's stomach following the 2014 surgery (i.e., the at-issue surgery) because removal would be too risky, and that Cummings therefore could not establish the facts giving rise to NRS 41A.100(1)'s presumption of negligence.[4]  In the absence of NRS 41A.100(1)'s presumption, she argued, Cummings was required to provide expert testimony to establish her negligence claim.

The district court granted summary judgment, finding that NRS 41A.100(1)(a) did not apply as a matter of law.  Specifically, it found that NRS 41A.100(1) does not apply when, during a removal procedure, the surgeon fails to remove an object implanted and left in a patient's body during a *previous* surgery.  The district court therefore concluded that Cummings was required to present an expert affidavit to establish negligence, and that her failure to do so warranted summary judgment for Dr. Barber.  Because it found that NRS 41A.100(1)(a) did not apply as a matter of law, it did not address the factual question of whether Dr. Barber's failure to remove the surgical clips and wire fragments was intentional.  Cummings now appeals.

### DISCUSSION

*Statutory interpretation*

In a typical retained-foreign-object case, the plaintiff alleges that a surgeon unintentionally left an object implanted or used during the at-issue surgery inside a patient's body.  *See, e.g., Szydel v. Markman,* 121

---

[4]The term "at-issue surgery" refers to the surgery complained of in the plaintiff's complaint.  Here, the June 2014 removal surgery is the surgery complained of in Cummings's complaint, so we refer to it throughout as the at-issue surgery.

Nev. 453, 457-58, 117 P.3d 200, 203 (2005) (applying NRS 41A.100(1)(a) where a surgeon unintentionally left a needle inside a patient's breast when performing a breast lift operation). Here, however, Dr. Barber did not implant or use the retained objects during the at-issue surgery. She implanted the gastric stimulator and associated hardware in a previous surgery, and then failed to remove all of the hardware during the at-issue surgery. Thus, we must consider whether NRS 41A.100(1)(a) applies where, as here, a surgeon performing a removal procedure fails to remove an object implanted and left inside a patient's body during a previous surgery.

Because this is a question of statutory interpretation, we review it de novo. *State v. Lucero*, 127 Nev. 92, 95, 249 P.3d 1226, 1228 (2011). "When interpreting a statute, legislative intent is the controlling factor." *Id.* (internal quotation marks omitted). "Absent an ambiguity, this court follows a statute's plain meaning." *Kay v. Nunez*, 122 Nev. 1100, 1104, 146 P.3d 801, 804-05 (2006). Further, "[we] resolve[ ] any doubt as to legislative intent in favor of what is reasonable, and against what is unreasonable." *Hunt v. Warden*, 111 Nev. 1284, 1285, 903 P.2d 826, 827 (1995); *see also Tate v. State, Bd. of Med. Exam'rs*, 131 Nev. 675, 678, 356 P.3d 506, 508 (2015) ("Statutes should be construed so as to avoid absurd results.").

NRS 41A.100(1)(a)'s plain language provides that a plaintiff need not provide expert testimony to establish negligence "where evidence is presented that . . . [a] foreign substance other than medication or a prosthetic device was unintentionally left within the body of a patient following surgery." The Legislature clearly intended to relieve a plaintiff of the burden and expense of obtaining an expert witness in cases where negligence can be shown based on common knowledge alone. *See Johnson*

*v. Egtedar*, 112 Nev. 428, 434, 915 P.2d 271, 274 (1996) (explaining that the Legislature already determined that certain circumstances simply do not occur absent negligence); *see also Szydel*, 121 Nev. at 459-60, 117 P.3d at 204 (explaining that under NRS 41A.100(1), the expert affidavit requirement does not apply where a juror's common knowledge is sufficient to support a finding of negligence).

The district court interpreted NRS 41A.100(1)(a) narrowly to apply only to objects implanted or used during the at-issue surgery. Nothing in NRS 41A.100(1)(a)'s plain language, however, creates such a limit. Further, the district court's narrow interpretation precludes application where the sole purpose of the at-issue surgery is removal of a medical device implanted in a previous surgery. In such a case, the operating surgeon should be aware of any objects retained during the previous surgery such that a juror could conclude, based on common knowledge alone, that a surgeon's failure to remove all related hardware constitutes negligence. We decline to adopt an interpretation of NRS 41A.100(1)(a) that precludes application where negligence can be shown based on common knowledge alone because such preclusion is clearly inconsistent with the Legislature's intent.

The interpretation for which Cummings advocates, however, is overly broad. She argues that NRS 41A.100(1)(a) applies to foreign objects implanted or used during *any* previous surgery, even when the purpose of the later surgery is *not* to remove a previously implanted device. We decline to adopt such a broad reading of the statute. Not only is it inconsistent with the Legislature's intent to carve out narrow exceptions to the expert testimony requirement in medical malpractice cases, *see* NRS 41A.100(1)(a)-(e) (enumerating only five factual circumstances where

negligence can be shown without expert testimony), it would produce an absurd result. Under Cummings's broad interpretation, a surgeon could be liable for actions made by different doctors during unrelated surgical procedures. We have never held that a surgeon has an affirmative duty to discover foreign objects implanted by a different surgeon in an unrelated surgery, and we decline to do so here.

We therefore clarify that NRS 41A.100(1)(a)'s application is not limited to foreign objects implanted or used only during the at-issue surgery. Nor does it extend to foreign objects implanted or used during *any* surgery. Rather, we interpret NRS 41A.100(1)(a) to apply to foreign objects implanted or used during the at-issue surgery *and* foreign objects implanted or used during a previous surgery where the purpose of the at-issue surgery is removal of the foreign devices and related hardware implanted or used during the previous surgery. Such an interpretation is consistent with the Legislature's intent to relieve a plaintiff of the expert testimony requirement where a juror's common knowledge is sufficient to support a finding of negligence. Further, it appropriately limits NRS 41A.100(1)(a) to only those circumstances where the purpose of the at-issue surgery is removal of a foreign device. In such circumstances, imposing liability for failure to remove the foreign device and all related hardware is neither absurd nor unreasonable.

Having clarified NRS 41A.100(1)(a)'s reach, we conclude that the district court erred when it found that Cummings was precluded, as a matter of law, from relying on NRS 41A.100(1)(a)'s presumption merely because the retained objects were implanted during a previous surgery. The sole purpose of Cummings's at-issue surgery was to remove the gastric stimulator implanted during the previous surgery. Thus, a jury could

conclude, based on common knowledge alone, that Dr. Barber's failure to remove the hardware associated with the gastric stimulator constituted negligence.[5]

*Summary judgment*

The question thus becomes whether Cummings presented sufficient evidence to survive summary judgment, which we review de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when the record shows that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Id.* To satisfy the burden of production, the party moving for summary judgment must either "submit[ ] evidence that negates an essential element of the [plaintiff's] claim" or "point[ ] out . . . that there is an absence of evidence to support the nonmoving party's case." *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 602-03, 172 P.3d 131, 134 (2007) (internal quotation marks omitted). Dr. Barber did neither.

In support of her summary judgment motion, Dr. Barber submitted Dr. Warshaw's expert report, wherein he opined that removal of the wire fragments would be "complex, difficult, [and] invasive," and that Dr. Barber's failure to remove them thus did not constitute negligence. Cummings, however, presented countervailing evidence that the surgeon who discovered the wires in 2017 removed them "without difficulty," thereby refuting Dr. Warshaw's expert opinion. Dr. Barber also submitted

---

[5]The district court relied on *Kinford v. Bannister*, 913 F. Supp. 2d 1010, 1017 (D. Nev. 2012), to find that NRS 41A.100(1) applies only where a foreign object is used or implanted during the at-issue surgery. In light of our holding here, we conclude that *Kinford* is not a correct statement of Nevada law in this context.

(O) 1947A

an affidavit wherein she stated that she intentionally left the wire fragments in Cummings's stomach because they were embedded and removal would be risky. Cummings presented evidence, however, that Dr. Barber's report following the 2014 surgery did not mention that any wires were intentionally left in Cummings's stomach, let alone explain the risks involved with removal.[6] Because Dr. Barber did not conclusively negate the statutory presumption of negligence or show a lack of evidence for the presumption to apply, we conclude that she failed to satisfy her burden under *Cuzze*.

We further conclude that, contrary to the district court's finding, Cummings was not required to provide expert testimony to survive summary judgment. We recently clarified that because a plaintiff relying on NRS 41A.100(1)'s presumption of negligence need not present expert testimony at trial, imposing such a requirement at the summary judgment stage would be unreasonable. *Jaramillo v. Ramos*, 136 Nev., Adv. Op. 17, ___ P.3d ___, ___ (April 2, 2020). Thus, "all a plaintiff must do to survive summary judgment is present evidence that the facts giving rise to NRS 41A.100(1)'s presumption of negligence exist—i.e., that at least one of the factual circumstances enumerated in NRS 41A.100(1)(a)-(e) exists." *Id.*; *see also Johnson*, 112 Nev. at 434, 915 P.2d at 274 (requiring that a plaintiff "present some evidence of the existence of one or more of the factual predicates enumerated in [NRS 41A.100(1)]").

---

[6]In fact, Dr. Barber indicated in her surgical report that she removed the wires. She noted that "[t]he stimulator was then able to be removed easily, and the leads were gently tugged, until they were removed from the stomach. Both were removed easily."

We conclude that the evidence Cummings presented—i.e., the surgical report and evidence that the surgeon who discovered the wires in 2017 removed them "without difficulty"—sufficiently establishes the facts giving rise to NRS 41A.100(1)'s presumption; specifically, that Dr. Barber unintentionally left wire fragments in Cummings's stomach following surgery. That Dr. Barber presented an expert report to rebut the presumption of negligence did not entitle her to summary judgment as a matter of law, nor did it shift the burden of proof back to Cummings to present expert testimony of her own. *See Jaramillo*, 136 Nev., Adv. Op. 17, ___ P.3d at ___. Dr. Warshaw's expert report "instead created a factual question as to the existence of negligence, which is to be determined by the jury." *Id.* at ___.

Because we conclude that a genuine issue of material fact exists on the issue of negligence, we reverse the district court's summary judgment and remand for further proceedings consistent with this opinion.

_____, J.
Cadish

We concur:

_____, J.
Parraguirre

_____, J.
Hardesty

Supreme Court
of
Nevada

(O) 1947A