# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID PRATT,
Appellant,
vs.
THE STATE OF NEVADA,
DEPARTMENT OF HEALTH AND
HUMAN SERVICES; AND STATE OF
NEVADA DEPARTMENT OF
ADMINISTRATION,
Respondents.

No. 77298

FILED

APR 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in an employment matter. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant David Pratt appeals the district court's denial of his petition for judicial review, which challenged a decision by the Nevada Department of Health and Human Services (DHHS) to terminate Pratt's employment and a hearing officer's decision upholding the termination. Pratt worked as a forensic specialist for a state-run hospital for persons charged with crimes but found incompetent to stand trial. In that role, Pratt needed "Peace Officers' Standards and Training" (POST) certification to remain in his position longer than one year. Nevada law requires forensic specialists to obtain POST certification within one year of hire, with the possibility of a one-time extension of six months. *See* NRS 289.550. "A person who fails to become certified within the required time shall not exercise any of the powers of a peace officer after the time for becoming certified has expired." NRS 289.550(1).

20-15668

After his first year of employment, Pratt became an employee in "[t]he classified service of the State," subject to the protections of NRS Chapter 284. *See* NRS 284.150. Thus, DHHS could lawfully terminate Pratt's employment only for cause. *See* NRS 284.150(2); NRS 284.385(1)(a); NRS 284.390(7). Causes for termination include those listed in NAC 284.650 (causes for disciplinary or corrective action) and those listed in the internal policies of DHHS. DHHS's personnel code provided that employment could be terminated after the first violation of the following ground for discipline: "Failure to maintain a current occupational license or certification when possession of the occupational license or certification is a requirement of the job." Before starting his employment, Pratt signed a job offer letter in which he acknowledged that he would need to obtain POST certification within the relevant timeframe as a requirement of his position.

Due to a lack of availability in state-run POST-certification programs, Pratt was unable to complete his required certification in the first year of his employment, but he obtained a six-month extension. DHHS turned to a private provider, Silver State Law Enforcement Academy, to certify many of its employees, including Pratt. Although DHHS did not require firearms experience and training, Silver State Academy's curriculum included mandatory firearms training. During his first week in the program, Pratt sought to purchase a firearm for training and submitted a mandatory background check. That background check turned up a felony conviction, later found to have been a mistake. Because Pratt was unable to complete the firearms training due to the failed background check, Silver State Academy dismissed him from its program. Silver State notified Pratt's supervisor, Sergeant David Joseph, who notified DHHS's personnel office. The personnel office processed Pratt's discharge, beginning with the

"NPD-41," which provided Pratt notice of several reasons for the decision, including that Pratt violated the provision of DHHS's personnel code requiring employees to obtain and/or maintain any required professional certifications. DHHS also afforded Pratt an informal hearing to respond to the NPD-41's alleged violations. DHHS then formally terminated Pratt's employment.

Pratt then sought formal administrative review. Pratt, Sergeant Joseph, and Jackie Arellano, a DHHS employee in the personnel office, testified at the hearing. The hearing officer affirmed DHHS's decision to terminate Pratt's employment. Although the hearing officer concluded that Silver State released Pratt from its POST program due to a "mistake," he also found that "Pratt had the obligation to make reasonable efforts to clear his background and complete his training." The hearing officer found that "[t]he evidence does not suggest that [Pratt] made those reasonable efforts or communicated meaningfully with his chain of command in order to clear his background and complete his required training." Pratt petitioned for judicial review, which the district court denied. Pratt appealed. At oral argument, this court ordered the parties to submit supplemental briefing on whether *Goodwin v. Jones*, 132 Nev. 138, 368 P.3d 763 (Ct. App. 2016), a case overlooked by the parties in their appellate briefs, affected their analysis. We now affirm.

A state agency's decision to terminate a classified employee is subject to administrative review, *see* NRS 284.390(1) (providing for a hearing), a final decision of which is subject to judicial review, NRS 284.390(9) (providing that a petition for judicial review of the hearing officer's decision must conform to the requirements of Nevada's Administrative Procedure Act). The reviewing court defers to the hearing

officer's view of the facts, NRS 233B.135(3), but decides pure questions of law de novo. *O'Keefe v. State Dep't of Motor Vehicles*, 134 Nev. 752, 755, 431 P.3d 350, 353 (2018).

Under *O'Keefe*, "the hearing officer 'determine[s] the reasonableness' of the agency's decision by conducting a three-step review process." *Id.* at 759, 431 P.3d at 356 (alteration in original) (quoting NRS 284.390(1)). The hearing officer first considers de novo whether the employee actually committed the alleged violation(s); second, whether the violation was serious enough to merit termination without first resorting to less-drastic alternatives; and third, under a deferential standard, whether the agency rightfully determined that the decision to terminate employment would serve "the good of the public service." *Id.* at 759-60, 431 P.3d at 356 (quoting NRS 284.385(1)(a)). We consider Pratt's arguments with respect to each prong.

First, Pratt essentially argues that he did nothing wrong, and that DHHS could have sent him to POST training earlier. But the record evidences that POST programs were at capacity, a factual situation more complicated than Pratt portrays in his briefs. And more importantly, the hearing officer specifically found that Pratt failed to meet his obligation to react diligently and remedy the problem with his background check. The hearing officer implicitly found that under NRS 289.550 (requiring POST certification), DHHS had the responsibility to place Pratt in a POST program, but that Pratt had the responsibility to finish, or at least take reasonable steps to finish, the program. The Nevada Court of Appeals considered a similar scenario, albeit in a slightly different context, in *Goodwin*.

In *Goodwin*, the court of appeals held that an employee's failure to demonstrate "a reasonable, good-faith attempt" to maintain required professional certification disqualified her from claiming unemployment benefits under NRS 612.385. *Goodwin*, 132 Nev. at 140, 368 P.3d at 765. Pratt's argument that this case is distinguishable from Pratt's situation is unconvincing; the critical facts align. "Goodwin argue[d] that her failure to obtain her degree, and thus to maintain her certification, was not willful or intentional because she continuously pursued her education and maintained contact with the Board to try to obtain an extension when she failed to complete the education requirements in time." *Id.* at 143, 368 P.3d at 766. However, the administrative fact finder found otherwise, and the court of appeals deferred to that factual finding. *See id.* at 148, 368 P.3d at 769. Like in *Goodwin*, Pratt makes a number of legal arguments, none availing, to sidestep the critical factual finding that ultimately decided his case: "The evidence does not suggest that [Pratt] made those reasonable efforts or communicated meaningfully with his chain of command in order to clear his background and complete his required training." Like the court of appeals in *Goodwin*, we defer to the fact finder here because, like the court of appeals, "[w]e are generally bound by the fact-based legal conclusions made by the administrative agency, such that, '[e]ven if we disagreed with [the agency's] finding, we would be powerless to set it aside' if it is supported by substantial evidence." *Id.* at 147, 368 P.3d at 769 (second and third alterations in original) (quoting *Kraft v. Nev. Emp't Sec. Dep't*, 102 Nev. 191, 194, 717 P.2d 583, 585 (1986)).

Second, Pratt argues that DHHS should have considered less-drastic alternatives than discharge. However, this argument ignores a critical fact: Pratt signed a letter at the outset of his employment

SUPREME COURT
OF
NEVADA

(O) 1947A

acknowledging that his continued employment required timely completion of POST training. Further, DHHS's personnel policies provided that an employee could be terminated, even for a first-time offense, if the employee failed to maintain required certification. *See O'Keefe*, 134 Nev. at 759, 431 P.3d at 356 ("If the agency's published regulations prescribe termination as an appropriate level of discipline for a first-time offense, then that violation is necessarily 'serious' as a matter of law."). Therefore, DHHS had no obligation under NRS 284.383 to consider less-drastic alternatives to discharge. *See id.*

Third, Pratt argues that DHHS should have equitably accommodated him by providing him a second chance to obtain certification and employ him in a temporary position that did not require POST certification. We think that *O'Keefe* resolves this issue in favor of DHHS, because, under *O'Keefe*, it is not for the appeals officer or the courts to second guess DHHS's reasonable prerogative under the circumstances. Pratt's violations of the DHHS policy and the express condition of his employment as stated in his letter of employment were serious as a matter of law under *O'Keefe*. Therefore, DHHS reasonably terminated Pratt's employment, even if it could have chosen a different option. *See O'Keefe*, 134 Nev. at 759-60, 432 P.3d at 356 ("The inquiry is not what the hearing officer believes to be the good of the public service, but whether it was reasonable for the agency to 'consider[ ] that the good of the public service w[ould] be served' by termination." (alterations in original) (quoting NRS 284.358(1)(a))).

Finally, we discern no procedural defects in Pratt's discharge. Nevada law required DHHS to satisfy all statutory requirements in discharging Pratt, *see* NRS 284.150(2), and we conclude that it did so. Pratt

timely received his NPD-41 form, which included, albeit among other reasons, failure to maintain required certification in violation of DHHS personnel codes. DHHS also afforded Pratt a pre-termination hearing. *See* NAC 284.6561 (providing for an informal pre-disciplinary review hearing). Thus, DHHS also afforded Pratt due process of law in terminating his employment. *See Eureka Cty. v. Seventh Judicial Dist. Court*, 134 Nev. 275, 279, 417 P.3d 1121, 1124 (2018) ("Procedural due process requires that parties receive 'notice and an opportunity to be heard.'" (quoting *Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879 (2007))).

Because the administrative fact finder in this case found specifically that Pratt failed to meet his obligation to take reasonable steps to complete his POST certification, and substantial evidence supports the finding, *see Goodwin*, 132 Nev. at 144, 368 P.3d at 767, we affirm the district court's denial of his petition for judicial review.

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Eric Johnson, District Judge
       James A. Kohl, Settlement Judge
       Law Office of Daniel Marks
       Attorney General/Las Vegas
       Eighth District Court Clerk